Joe GUNDERSEN, Petitioner,

v.

INDIANA DEPARTMENT OF STATE REVENUE, Respondent.

No. 49T10–0503–TA–16.

Tax Court of Indiana.

Aug. 4, 2005.

Joe Gundersen, Indianapolis, Pro se.

Steve Carter, Attorney General of Indiana, Allen Morford, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, J.

Joe Gundersen (Gundersen) appeals the final determination of the Indiana Department of State Revenue (Department) denying his claims for refund of Indiana income taxes paid for the 2000 and 2001 tax years. The issue for this Court to decide is whether the statute of limitations that applies to refund claims also applies to a taxpayer's request to have excess tax payments applied toward future tax liabilities.

## FACTS AND PROCEDURAL HISTORY

Gundersen, an Indiana resident, filed individual state income tax returns for the 2000 and 2001 tax years on October 1, 2004. Gundersen subsequently filed claims for refund in the amount of $151.23 for the 2000 tax year and $113.97 for the 2001 tax year. The Department denied both claims, citing Indiana Code § 6–3–4–8(h) which provides that no refund shall be made to a taxpayer who fails to file his

return within two years from the due date of the return. *See* IND. CODE ANN. § 6-3-4-8(h) (West 2000). Gundersen then requested that the excess payments instead be applied against his 2004 income tax liability. This request was also denied, with the Department again citing the two-year statute of limitations found in § 6-3-4-8(h).

On March 2, 2005, Gundersen initiated an original tax appeal. The Court conducted a trial on June 14, 2005. Additional facts will be provided as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court hears appeals from denials of refunds by the Department *de novo*. IND. CODE ANN. § 6-8.1-9-1(d) (West Supp.2004-2005). Accordingly, it is bound by neither the evidence presented nor the issues raised at the administrative level. *Allison Engine Co. v. Indiana Dep't of State Revenue*, 744 N.E.2d 606, 608 (Ind. Tax Ct.2001).

### Discussion

■ Indiana's income tax scheme provides that individuals make payments on their adjusted gross income throughout the year. These payments are made through the withholding process, wherein the employer withholds federal, state, and local income tax, as well as Federal Insurance Contributions Act (FICA) payments,

from each employee's wages.[1] *See* IND. CODE ANN. § 6-3-4-8(a) (West 2000). *See also Longmire v. Indiana Dep't of State Revenue*, 638 N.E.2d 894, 897 (Ind. Tax Ct.1994). When the total amount deducted through withholdings exceeds the amount of tax imposed on the employee for the taxable year, Indiana Code § 6-3-4-8(h) provides:

> the [D]epartment shall, after examining the return [ ] filed by the employee in accordance with IC 6-3 and IC 6-3.5, refund the amount of the excess deduction. However, under rules promulgated by the [D]epartment, the excess or any part thereof may be applied to any taxes or other claim due from the taxpayer to the State of Indiana or any subdivision thereof. No refund shall be made to an employee who fails to file the employee's return [ ] ... within two (2) years from the due date of the return [ ].

A.I.C. § 6-3-4-8(h).

In other words, there are two options available for a taxpayer who wishes to recover excess withholdings: (1) he may seek a refund; or (2) he may request that the excess amount be applied as a credit toward future taxes. Gundersen argues, however, that the two-year statute of limitations found in § 6-3-4-8(h) applies to only *one* of these options—the refund. (*See* Pet'r Pet. ¶ 7.) Because § 6-3-4-8(h) provides that "[n]o *refund* shall be made" to an employee who fails to file his return within two years of the due date, Gundersen argues that employees are not time

---

1. Individuals who do not have taxes withheld from their wages on a regular basis (*e.g.*, self-employed individuals) are required to file a Declaration of Estimated Tax for the taxable year if their estimated tax can reasonably be expected to exceed a certain amount. *See* IND. CODE ANN. § 6-3-4-4.1(c) (West 2000); IND. ADMIN. CODE tit. 45, r. 3.1-1-91 (1996).

Specifically, these individuals must declare the amount of tax estimated for the current year and submit quarterly payments to prepay the tax. 45 IAC 3.1-1-91. Gundersen was not subject to this requirement, however, since his taxes were regularly withheld from his wages by his employer.

barred if they instead choose to have their excess payments credited toward future tax liabilities. (*See* Pet'r Pet. ¶ 7.)

The Department responds, however, that all excess payments should be treated the same, whether the taxpayer requests them in the form of a refund or a credit. (*See* Trial Tr. at 16.) Accordingly, the Department reads the term "refund," as used in § 6–3–4–8(h), to include both refunds *and* credits, and argues that the two-year statute of limitations applies to both.

"The Court will construe and interpret a statute only if it is unclear and ambiguous." *Enterprise Leasing Co. of Chicago v. Indiana Dep't of State Revenue*, 779 N.E.2d 1284, 1293 (Ind. Tax Ct.2002) (citation omitted), *review denied.* A statute is ambiguous if it is susceptible to more than one interpretation. *Id.* The Court's function in construing a statute is to give effect to the intent of the legislature. *Id.* Furthermore, the Court must read the statute to give effect to every word and "will avoid an interpretation that renders any part of the statute meaningless or superfluous." *Id.* at 1294 (citation omitted). Guided by these rules of statutory construction, the Court concludes that the Department's interpretation of § 6–3–4–8(h) is the correct interpretation.

It is clear that § 6–3–4–8(h) is, at the very least, intended to place a temporal restraint on the taxpayer's ability to obtain a refund. If, however, the statute is read as Gundersen suggests, then any taxpayer who is not able to obtain a refund because he filed his return too late could instead have the refund applied as a credit toward future tax liabilities. In effect, the taxpayer would still be able to enjoy the benefit of the refund, even when filing outside the two-year limitation period. It is unlikely, however, that the legislature intended to provide the taxpayer with such a method to circumvent the statute of limitations.

 Furthermore, as this Court has previously noted, "the judicial attitude is in favor of statutes of limitations ... since they are considered as statutes of repose and as affording security against stale claims. Consequently ... the courts are inclined to construe limitation laws liberally, so as to effect the intention of the legislature." *Evansville Concrete Supply Co. v. Indiana Dep't of State Revenue*, 571 N.E.2d 1350, 1351 (Ind. Tax Ct.1991) (internal quotations and citations omitted). Accordingly, because Gundersen's interpretation of § 6–3–4–8(h) would render the statute of limitations on refunds meaningless, it must be rejected.[2] *See Enterprise Leasing*, 779 N.E.2d at 1294 ("The Court will avoid an interpretation that renders any part of the statute meaningless or superfluous") (footnote added); *see also Kohl's Dep't Stores, Inc. v. Indiana Dep't of State Revenue*, 822 N.E.2d 297, 300

---

**2.** Gundersen also argues that another statute, Indiana Code § 6–8.1–9–2, requires the Department to apply a taxpayer's excess payments to future tax liabilities, without regard to when the taxpayer filed his return. (*See* Trial Tr. at 7, 12–13.) *See also* IND. CODE ANN. § 6–8.1–9–2(a) (West 2000). Gundersen's reliance on this statute, however, is misplaced.

Indiana Code Article 8.1 deals generally with tax imposition, collection and administration. "However, if a provision of this article conflicts with a provision of the law relating to any of the listed taxes, the provision of the law relating to the listed tax controls[.]" IND. CODE ANN. § 6–8.1–1–6 (West 2000). The adjusted gross income tax is a listed tax. IND. CODE ANN. § 6–8.1–1–1 (West 2000). Accordingly, the two-year statute of limitations set forth in Indiana Code § 6–3–4–8(h) (which relates specifically to the adjusted gross income tax) must prevail. *See* IND. CODE ANN. § 6–3–4–8(h) (West 2000).

(Ind. Tax Ct.2005) ("It is a fundamental rule of statutory construction that it is the legislative intent behind a statute, rather than its precise language, which governs").

Since the statute of limitations set forth in Indiana Code § 6–3–4–8(h) applies to both refunds *and* credits toward future tax liabilities, Gundersen was required to file his 2000 and 2001 returns within two years of their respective due dates in order to obtain the credit he now seeks. He filed both returns outside the two-year limitations period, however, and the Department therefore properly denied his request to have his excess payments credited toward his 2004 taxes.

## CONCLUSION

For the aforementioned reasons, the Court AFFIRMS the Department's final determination.