**WILL'S FAR–GO COACH SALES, Petitioner,**

v.

**Gordon NUSBAUM as Middlebury Township Assessor, Gene Inbody as Elkhart County Assessor, and Elkhart County Property Tax Board of Appeals, Respondents.**

No. 71T10–0412–TA–59.

Tax Court of Indiana.

May 25, 2006.

Brian J. Clark, Larry J. Stroble, Barnes & Thornburg, Elkhart, Indianapolis, for Petitioner.

Steve Carter, Attorney General of Indiana, Andrew W. Swain, Special Counsel, Tax Section, Allen Morford, Deputy Attorney General, Indianapolis, for Respondents.

FISHER, J.

Will's Far–Go Coach Sales (Will's Far–Go) appeals the final determination of the Indiana Board of Tax Review (Indiana Board) upholding the assessment of Will's Far–Go's business personal property for the 1995–1996 tax years (years at issue). The Court AFFIRMS the Indiana Board's final determination.

## FACTS AND PROCEDURAL HISTORY

Will's Far–Go sells recreational vehicles in Veedersburg, Fountain County, Indiana. Will's Far–Go purchases many of these vehicles from Jayco, Inc. (Jayco), a manufacturer located in Middlebury, Elkhart County, Indiana. To avoid inclement weather conditions, Will's Far–Go would occasionally delay transporting the vehicles from Jayco's Middlebury property to Veedersburg. Consequently, as of the March 1st assessment dates for the years at issue, some of Will's Far–Go's vehicles were located on Jayco's lot (trailers at issue).

When Jayco filed its personal property tax returns with the Middlebury Township Assessor (Assessor) for the years at issue, it indicated that the trailers at issue were the property of Will's Far–Go. The Assessor subsequently provided Will's Far–Go with Business Tangible Personal Property Returns (Forms 103 and 104) and a Return of Owned Personal Property Not in Possession of Owner (Form 103–O) so that Will's Far–Go could report the trailers for assessment in Middlebury Township. In response, Mary Freeman, an employee of Will's Far–Go, informed the Assessor that Will's Far–Go had reported the trailers on returns it filed with the Fountain County assessing officials. Ms. Freeman also told the Assessor that the Fountain County Assessor had informed her that Will's Far–Go was not required to file returns in Elkhart County. While the Assessor expressed disagreement with the Fountain County Assessor's advice, Will's Far–Go did not return the forms or any other documentation to the Assessor.

On June 30, 1995 and June 19, 1996, the Assessor sent Will's Far–Go Notices of Assessment (Forms 113) stating that the trailers had been assessed in Elkhart County. Will's Far–Go never paid the assessed taxes and, as a result, the delinquent taxes were certified by the Elkhart Circuit Court on October 1, 1997 and October 1, 1998.[1]

On October 16, 2000, Will's Far–Go filed two Petitions for Correction of Error (Forms 133) for the years at issue with the Elkhart County Property Tax Assessment Board of Appeals (PTABOA). Because Will's Far–Go did not pay the assessed taxes in Elkhart County, it did not file claims for refund in connection with its Forms 133. On its Forms 133, Will's Far–Go argued that the assessments were illegal because the Assessor did not have jurisdiction to assess the trailers. On November 17, 2000, the PTABOA denied the request for relief.

Will's Far–Go appealed the decision to the Indiana Board.[2] On November 12,

---

1. In 2001, Will's Far–Go requested that the Elkhart Circuit Court set aside the certifications of the delinquent taxes. The Elkhart Circuit Court, however, has stayed the proceedings in that case.

2. Will's Far–Go initially appealed to the State Board of Tax Commissioners (State Board) on December 5, 2000. On December 31, 2001, however, while the case was still pending with the State Board, the legislature abolished the State Board and created the Indiana Board of Tax Review (Indiana Board) as its

2004, after conducting a hearing on the matter, the Indiana Board issued a final determination, denying the appeal. The Indiana Board found that: (1) it did not have authority to set aside taxes certified by a circuit court;[3] (2) Will's Far–Go's Forms 133 were not timely filed; and (3) the underlying legality of the assessments was moot.

On December 23, 2004, Will's Far–Go initiated an original tax appeal. The Court heard the parties' oral arguments on October 7, 2005. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

This Court gives great deference to final determinations of the Indiana Board. *Wittenberg Lutheran Vill. Endowment Corp. v. Lake County Prop. Tax Assessment Bd. of Appeals,* 782 N.E.2d 483, 486 (Ind. Tax Ct.2003), *review denied.* Consequently, the Court will reverse a final determination of the Indiana Board only if it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

IND. CODE ANN. § 33–26–6–6(e)(1)–(5) (West 2006).

■■■■ The party seeking to overturn the Indiana Board's final determination bears the burden of proving its invalidity. *Osolo Twp. Assessor v. Elkhart Maple Lane Assocs., L.P.,* 789 N.E.2d 109, 111 (Ind. Tax Ct.2003). In order to meet that burden, the party seeking reversal must have submitted, during the administrative hearing process, probative evidence regarding the alleged assessment error. *Id.* (footnote omitted). If that party meets its burden of proof and prima facie establishes that the Indiana Board's final determination is erroneous, the burden then shifts to the opposing party to rebut the challenging party's evidence. *See Meridian Towers E. & W. v. Washington Twp. Assessor,* 805 N.E.2d 475, 479 (Ind. Tax Ct.2003).

### Discussion

■■■ Will's Far–Go claims that the Elkhart County assessments were illegal, as a

"successor". IND. CODE ANN. §§ 6–1.5–1–3; 6–1.5–4–1 (West 2006); 2001 Ind. Acts 198 § 95. Accordingly, Will's Far–Go's appeal was transferred to the Indiana Board.

**3.** The Indiana Board relies on Indiana Code § 6–1.1–23–12 for this proposition. (Cert. Admin. R. at 56.) That statute states that a judgment (i.e., the certification of taxes) may be set aside if "[t]he person against whom the judgment was entered was not liable for the delinquent taxes, penalties, and collection expenses for which the judgment was entered." IND. CODE ANN. § 6–1.1–23–12(a)(1) (West 1996). The statute also states that a "judgment may be set aside under this section only

under a finding entered of record by a court which has jurisdiction." A.I.C. § 6–1.1–23–12(b). This Court, however, does not construe the statute to mean that the Indiana Board lacks authority to declare the assessment invalid or illegal, as a matter of law, when ruling on a Form 133. Instead, the statute merely suggests that in order for the judgment to be dismissed or set aside, Will's Far–Go would have to provide the Elkhart Circuit Court with a determination (i.e., Indiana Board or Tax Court determination) or other proof that it was not liable for the taxes. At that point, the Elkhart Circuit Court could set the judgment aside. *See id.*

matter of law, and should be set aside. More specifically, Will's Far–Go argues that because it is a resident of Fountain County and the trailers at issue were merely awaiting transportation to Fountain County while in Elkhart County, the proper place of assessment was in Fountain County.[4] (Cert. Admin. R. at 3–5, 14–16 (footnote added).) In its final determination, the Indiana Board did not address the legality of the assessments because it determined that Will's Far–Go's Forms 133 were not timely filed. (*See* Cert. Admin. R. at 56–60.) Conversely, Will's Far–Go argues that no time limit exists for filing a Form 133. (Pet'r Br. at 10–12.) The Court, however, disagrees.

Taxpayers wishing to challenge a property tax assessment on the basis that it is illegal typically pay the assessed taxes, initiate a challenge by filing a Form 133, and file a separate Petition for Refund of Taxes, Form 17T. *See Lake County Prop. Tax Assessment Bd. of Appeals v. BP Amoco Corp.*, 820 N.E.2d 1231, 1232–33, 1235 (Ind.2005). *See also* IND. CODE ANN. § 6–1.1–26–1 (West 1996) (amended 2002); IND. ADMIN. CODE tit. 50, r. 4.2–3–12, –14 (1996) (repealed 2001). In order to obtain a refund, a taxpayer must file a claim within three (3) years of the date the taxes were first due. *See* A.I.C. 6–1.1–26–1; 50 IAC 4.2–3–12(g)(4).

Indiana Code § 6–1.1–15–12, the statute providing for the correction of an error, does not specify a time period by which taxpayers must file a Form 133. *See* IND. CODE ANN. § 6–1.1–15–12 (West 1996) (amended 1997). Although the administrative regulation interpreting Indiana Code § 6–1.1–15–12 seems to suggest that the three-year limitation also applies to the filing of a Form 133, it is ambiguous. *See* 50 IAC 4.2–3–12. For example, it states:

> The following are examples of grounds for the filing of a . . . [Form 133] and a petition for refund of taxes (Form 17T) [ ]:
>
> (1) The taxes, as a matter of law, were illegal[.] . . .
>
>> A vehicle subject to the motor vehicle excise tax was included on the personal property tax return as taxable.
>>
>> Taxpayer "A" challenged in [T]ax [C]ourt a procedure or method used in determining their assessment for year "Y", and the [C]ourt decided in favor of Taxpayer "A". . . .
>>
>> Taxpayer "C" . . . is entitled to a correction of assessments made on the same facts and using the same procedure or method as Taxpayer "A". *By filing a [Form 133], they may obtain a correction of their assessments upon which taxes were due in the three (3) years preceding the date of filing.*
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (4) *While a taxpayer may petition for a correction of error if an error exists, there is a three (3) year limitation on claiming a refund of tax* [.]

50 IAC 4.2–3–12(g)(1), (4) (emphasis added).

■ When a statute is silent as to the issue before a court, the court may look to the common law for guidance in applying the statute. *See Chrysler Fin. Co. v. Indiana Dep't of State Revenue*, 761 N.E.2d 909, 912 (Ind. Tax Ct.2002) (stating

---

**4.** Personal property that is owned by a resident of Indiana "shall be assessed at the place where the owner resides on the assessment date of the year for which the assessment is made." IND. CODE ANN. § 6–1.1–3–1(a) (West 1996) (amended 1998). Personal prop-erty shall be assessed at the place where it is situated on the assessment date, however, if it is "regularly used or permanently located where it is situated[.]" A.I.C. § 6–1.1–3–1(c)(1).

that "courts presume that the Indiana Legislature understands and acquiesces in the common law of assignment absent a clear expression of contrary intent"), *review denied.* The Indiana Supreme Court recently clarified the procedures by which a taxpayer may challenge its property tax assessments. *See BP Amoco Corp.,* 820 N.E.2d at 1232–33. Specifically, the Court stated that "Indiana Code Section 6–1.1–15–12 and Indiana Administrative Code Title 50, Regulations 4.2–3–4, 12 and 14, provide taxpayers with the opportunity to appeal assessments on a form denominated 'Form 133, Petition for Correction of Error,' within three years from the date the taxes were first due." *Id.* at 1233. *See also* A.I.C. § 6–1.1–15–12; IND. ADMIN. CODE tit. 50, r. 4.2–3–4, 12, 14 (1996) (repealed 2001); *Walker Mfg. Co. v. Dep't of Local Gov't Fin.,* 772 N.E.2d 1, 6 n. 12 (Ind. Tax Ct.2002) (where this Court noted that the taxpayer's Form 133 was untimely because it did not file it until five months after the three year time limit for requesting a refund).

Furthermore, when a regulation is susceptible to more than one interpretation, it is considered ambiguous and thus subject to judicial construction. *See Gundersen v. Indiana Dep't of State Revenue,* 831 N.E.2d 1274, 1276 (Ind. Tax Ct.2005) (citation omitted). *See also Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue,* 605 N.E.2d 1222, 1229 (Ind. Tax Ct.1992) (stating that when interpreting administrative regulations, the Court applies the same rules of construction that apply to statutes). The rules of construction require the Court to give effect to the intent of the enacting administrative agency. *See Gundersen,* 831 N.E.2d at 1276. In doing so, the Court presumes that the administrative agency intends for the Court to apply regulations in a logical manner, so as to prevent an unjust or absurd result. *See Chavis v. Patton,* 683 N.E.2d 253, 257 (Ind.Ct.App.1997) (explaining that legislative intent prevails over a strict and literal reading of a statute).

The practical effect of Will's Far–Go's argument produces an unjust and absurd result. Indeed, a taxpayer who actually paid his assessed taxes would be limited to three years within which to challenge the assessment and receive a refund. To allow a taxpayer, such as Will's Far–Go, who did not pay its taxes, an infinite amount of time to file a Form 133 and receive relief would, in effect, penalize taxpayers for paying their taxes. The Court will not presume that the legislature or administrative agency intended for such a result. *See id. See also Bushong v. Williamson,* 790 N.E.2d 467, 471 (Ind.2003) (stating that the court must consider not only the objects and purpose of a statute, but also the effects and repercussions of an interpretation).

This conclusion holds true in this case because Will's Far–Go is ultimately seeking relief from the Elkhart Circuit Court's judgment in order to avoid collection of its unpaid taxes. Will's Far–Go's decision to not pay the taxes upfront will not serve as a means to allow its dilatory protest to its property tax assessments.[5]

---

5. The Court notes that Will's Far–Go claims that it already paid personal property taxes on the trailers at issue in Fountain County. While the Court sympathizes with Will's Far–Go in that it may have to pay taxes on the trailers twice, Will's Far–Go cannot simply ignore the Elkhart County tax assessments. Will's Far–Go had ample notice and time to challenge the assessments; its failure to do so in a timely manner cannot be remedied now. *See Marhoefer Packing Co. v. Indiana Dep't of State Revenue,* 157 Ind.App. 505, 301 N.E.2d 209, 215 (1973) (where the court denied a taxpayer's request for relief finding that he slept on his rights).

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Indiana Board's final determination.