**Joseph & Jeanne HUTCHERSON, Petitioners,**

v.

**Robin L. WARD, Hamilton County Assessor, Respondent.**

**No. 49T10–1302–TA–10.**

Tax Court of Indiana.

Dec. 27, 2013.

Thomas A. Aycock, Aycock Law Office, P.C., Fishers, IN, Attorney for Petitioners.

Gregory F. Zoeller, Attorney General of Indiana, Jessica E. Reagan, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTION TO DISMISS

WENTWORTH, J.

The Hutchersons appeal the Indiana Board of Tax Review's final determination denying them the homestead standard deduction on their Hamilton County property for the tax years 2004 through 2007. The Assessor has filed a Motion to Dismiss for lack of subject matter jurisdiction or alternatively, for failure to state a claim upon which relief can be granted. The Court denies the Assessor's Motion.

## FACTS AND PROCEDURAL HISTORY

On May 12, 2003, the Hutchersons filed for the homestead standard deduction with the Hamilton County Auditor. When the Hutchersons paid their property taxes on November 9, 2012, they were told by an employee at the Auditor's office that their homestead deduction was not "active." On further investigation, the Hutchersons dis-

covered that they had not received the homestead deduction for the years since they filed their application.[1] The error was corrected for the immediately preceding three tax years (2008, 2009, 2010). To correct the error for the 2004 through 2007 tax years, the Hutchersons filed four petitions to correct error (Forms 133) with the County Auditor on November 13, 2012. In the petitions, the Hutchersons claim that through an error of omission by a county official, they were not given credit for the homestead deduction as permitted by law. They did not file any claims for refund with the petitions. On November 15, 2012, the Hamilton County Property Tax Assessment Board of Appeals denied all four petitions.

The Hutchersons appealed to the Indiana Board on November 30, 2012. On December 21, 2012, the Indiana Board denied the Hutchersons' appeal without holding a hearing, stating that the Hutchersons' petitions were not timely because they were not filed within three years after the taxes were first due as required by Indiana Code § 6–1.1–26–1 to obtain a refund.

On February 4, 2013, the Hutchersons filed this original tax appeal. The Assessor filed a motion to dismiss pursuant to Indiana Trial Rules 12(B)(1) and 12(B)(6) on March 7, 2013, alleging the same untimeliness that the Indiana Board found in its final determination. The Court heard the parties' arguments on June 14, 2013. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ In initial appeals from final determinations of the Indiana Board, the Tax Court's review of disputed issues of fact generally is confined to the record from the administrative proceeding. IND.CODE § 33–26–6–3(b)(1) (2013). Moreover, the Tax Court's review is generally limited to the issues raised before the Indiana Board or otherwise described in its final determination. IND.CODE § 33–26–6–3(b) (2013). In certain instances, however, issues or evidence addressed by the Indiana Board in its final determination that were not addressed at the administrative hearing may be argued for the first time on appeal to this Court. *See Indiana C.A.P. Dirs. Ass'n v. Dep't of Local Gov't Fin.*, 797 N.E.2d 878, 881 (Ind. Tax Ct.2003) (stating that when it is impractical to conduct another administrative hearing, the Tax Court must afford the taxpayer an opportunity to respond to new issues in this Court); *Wirth v. State Bd. of Tax Comm'rs*, 613 N.E.2d 874, 879 (Ind. Tax Ct.1993) (explaining that a taxpayer is constitutionally empowered to respond for the first time on appeal to new issues raised in the final determination). As a result of its review, the Tax Court may reverse an action of the Indiana Board that is

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

IND.CODE § 33–26–6–6(e)(1)–(5) (2013).

## ANALYSIS

The Assessor makes two alternative arguments in support of its motion to dismiss

---

1. The Hutchersons do not include the 2003 tax year in their appeal, and no evidence was presented to discern whether they did or did not receive the benefit of the homestead standard deduction in that year.

the Hutchersons' appeal. First, the Assessor argues that the Tax Court lacks subject matter jurisdiction because the Hutchersons failed to comply with the statutory requirements to obtain a refund under Indiana Code § 6–1.1–26–1. (Resp't Mot. Dismiss at 2–3.) In the alternative, the Assessor argues that the Tax Court must dismiss the appeal because the Hutchersons failed to state a claim upon which the court can grant relief, having failed to timely file their petitions to correct error under Indiana Code § 6–1.1–15–12 (Petition to Correct Error Statute) and Indiana Code § 6–1.1–26–1 (the Refund Statute). (Resp't Mot. Dismiss at 2–4.)

## I. Subject Matter Jurisdiction

■ Subject matter jurisdiction is the power conferred on a court by the Indiana Constitution or statute to hear and determine a particular class of cases. *State v. Sproles,* 672 N.E.2d 1353, 1356 (Ind.1996); *Fresenius USA Mktg., Inc. v. Indiana Dep't of State Revenue,* 970 N.E.2d 801, 803 (Ind. Tax Ct.2012). Thus, when deciding a claim for lack of subject matter jurisdiction under Trial Rule 12(B)(1), this Court must determine whether the claim falls within the general scope of its authority. *Carroll Cnty. Rural Elec. Membership Corp. v. Indiana Dep't of State Revenue,* 733 N.E.2d 44, 47 (Ind. Tax Ct.2000). The Tax Court's enabling legislation confers exclusive jurisdiction over cases that 1) arise under Indiana's tax laws, and 2) are initial appeals of a final determination of the Indiana Board. IND.CODE § 33–26–3–1 (2013).

■ This case arises under the tax laws of Indiana because the application of two Indiana property tax statutes (Indiana Code § 6–1.1–15–12 and Indiana Code § 6–1.1–26–1) is necessary to resolve the action. *See Sproles,* 672 N.E.2d at 1357 (explaining that a case arises under Indiana's tax laws if its resolution involves the collection of a tax or defenses to that collection or if an Indiana tax statute creates the right of action). Also, this case is the initial appeal of a final determination of the Indiana Board. Accordingly, because the Hutchersons' appeal falls within the Tax Court's general scope of statutory authority, the Tax Court has subject matter jurisdiction.

■ Nonetheless, the Assessor claims that the Tax Court lacks subject matter jurisdiction because the Hutchersons did not file their petitions to correct error within a three year statutorily required period. (*See* Resp't Mot. Dismiss at 2–3.) Indeed, Indiana Code § 33–26–6–2(a) states that "[i]f a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal." IND.CODE § 33–26–6–2(a) (2012). Failure to comply with a statutory requirement, such as a statute of limitations, however, would not rob the Court of subject matter jurisdiction, but would merely prevent the Court from exercising its subject matter jurisdiction to resolve the matter. *See Packard v. Shoopman,* 852 N.E.2d 927, 929–30 (Ind.2006) ("procedural requirements [do] not constitute a limitation on subject matter jurisdiction in the sense that the court cannot hear cases of the same general class"). *See also Gupta v. Jay Cnty. Auditor,* 910 N.E.2d 796, 798 n. 1 (Ind.Ct.App.2009) (explaining that an untimely filing of a motion to set aside a tax sale in the trial court did not implicate subject matter jurisdiction). Thus, the Assessor's claim under Trial Rule 12(B)(1) is improper.

## II. Failure to State a Claim Upon Which Relief Can be Granted

### A. Indiana Code § 6–1.1–15–12—Petition to Correct Error Statute

■ The Assessor first contends that the Hutchersons failed to state a claim

upon which the court can grant relief because the Petition to Correct Error Statute requires a taxpayer to file a petition to correct error within three years after the taxes were first due. (*See* Resp't Mot. Dismiss at 2–4.) Conspicuously absent from the Petition to Correct Error Statute, however, is an express time limitation within which a taxpayer must file the petition. *See generally* Ind.Code § 6–1.1–15–12 (2013). Moreover, no statutory language limiting the time in which to file a petition to correct error exists anywhere in Chapter 15. *See* Ind.Code 6–1.1–15 (2013).

In 1989, the State Board of Tax Commissioners [2] promulgated a regulation interpreting the Petition to Correct Error Statute. 50 Ind. Admin. Code 4.2–3–12 (1989) (repealed 2000). Prior to its repeal on April 1, 2000, this regulation provided a limitation period for filing a petition to correct error, stating that "[w]hile a taxpayer may petition for a correction of error if an error exists, there is a three (3) year limitation on claiming a refund of tax as provided in this article." 50 I.A.C. 4.2–3–12(g)(4). After 50 Indiana Administrative Code 4.2–3–12 was repealed, new regulations were promulgated in both 2000 and 2009, regarding the Petition to Correct Error Statute. *See* 23 Ind. Reg. 1608 (Apr. 1, 2000); Ind. Reg. LSA Doc. No. 08–603(F) (Feb. 11, 2009) (*see* http://www.in.gov/legislative/register/irtoc.htm) (stating that the 2000 regulations were superseded by 52 Indiana Administrative Code 2). Neither promulgation included a time limitation for filing a petition to correct error. *See generally* 23 I.R. 1608–17; 52 Ind. Admin. Code 2 (2013) (*see* http://www.in.gov/legislative/iac/).

In spite of the absence of a time limit in the Petition to Correct Error Statute and the interpretive regulations that were in effect when the Hutchersons filed their petitions, the Assessor persists in claiming the Hutchersons' petitions were untimely. The Assessor supports this claim by relying on the decision in *Will's Far-Go Coach Sales v. Nusbaum,* 847 N.E.2d 1074 (Ind. Tax Ct.2006). (*See* Resp't Mot. Dismiss at 2.) This case finds that a petition to correct error must be filed within three years after the taxes were first due. *Will's Far-Go,* 847 N.E.2d at 1075. *Will's Far-Go,* however, involves tax periods prior to the repeal of 50 Indiana Administrative Code 4.2–3–12 on April 1, 2000. *See id.* at 1078 (concerning the 1995 and 1996 tax periods). Consequently, this case does not apply to the years at issue.

The Court may not construe a statute that is unambiguous. *Indiana Dep't of State Revenue v. Horizon Bancorp,* 644 N.E.2d 870, 872–73 (Ind.1994). Indeed, "[n]othing may be read into a statute which is not within the manifest intention of the legislature as gathered from the statute itself." *Id.* at 872 (citation omitted). In other words, "[t]he court may not expand or contract the meaning of a statute by reading into it language to correct supposed omissions or defects. The court may not invade the domain of the legislature, nor 'substitute language which it feels the legislature may have intended.'" *Caylor–Nickel Clinic, P.C. v. Indiana Dep't of State Revenue,* 569 N.E.2d 765, 769 (Ind. Tax Ct.1991) (citations omitted). Accordingly, the Court refuses to read a limitation period into Indiana Code § 6–1.1–15–12 where neither the legislature nor the authorized administrative agency provided one.

---

**2.** The State Board of Tax Commissioners is the predecessor of the Department of Local Government Finance, the agency charged with the administration of Indiana's property tax. Ind. Code § 6–1.1–30–1.1, –1.3 (2012).

## B. Indiana Code § 6–1.1–26–1—Refund Statute

■ The Assessor further contends that the Hutchersons' claim is time barred by the Refund Statute, which states:

Sec. 1. A person, or his heirs, personal representative, or successors, may file a claim for the refund of all or a portion of a tax installment which he has paid. However, the claim must be:

(1) filed with the auditor of the county in which the taxes were originally paid;

(2) filed within three (3) years after the taxes were first due;

(3) filed on the form prescribed by the state board of accounts and approved by the department of local government finance; and

(4) based upon one (1) of the following grounds:

(A) Taxes on the same property have been assessed and paid more than once for the same year.

(B) The taxes, as a matter of law, were illegal.

(C) There was a mathematical error either in the computation of the assessment upon which the taxes were based or in the computation of the taxes.

IND.CODE § 6–1.1–26–1 (2013). (*See* Resp't Mot. Dismiss at 4.) The Refund Statute expressly imposes a three year limitation period for filing a claim for a refund. I.C. § 6–1.1–26–1(2). The Assessor asserts that the statute of limitations contained in the Refund Statute applies to the Hutchersons' petitions to correct error because the remedy they seek, although unspecified other than by the word "correct," can be only a refund or a credit. (Resp't Notice Add'l Authority at 1 (*citing Gundersen v. Indiana Dep't of State Revenue*, 831 N.E.2d 1274, 1276 (Ind. Tax Ct.2005) (stat-ing that the term "refund," as used for purposes of income tax withholding under Indiana Code § 6–3–4–8(h), encompasses the return of all excess payments regardless of form)).) Accordingly, the Assessor reasons that because the petition to correct error assumes the remedy would be a refund, as defined by *Gundersen,* the limitation period from the Refund Statute must be incorporated into the Petition to Correct Error Statute. The Assessor's reasoning is incorrect.

First, as mentioned above, the Petition to Correct Error Statute contains no express limitation period. *See* I.C. § 6–1.1–15–12. Accordingly, without a specific reference to the provisions of the Refund Statute in the Petition to Correct Error Statute, the Court cannot presume that the Legislature intended to incorporate provisions of the Refund Statute into the Petition to Correct Error Statute. *Caylor–Nickel,* 569 N.E.2d at 769 (providing that statutory language is deemed intentionally chosen by the legislature and the Court will not read in language that has been omitted).

Second, disparate requirements contained in the Refund Statute and Petition to Correct Error suggest their independence. The Refund Statute allows a taxpayer to file a claim for refund on a prescribed form (Form 17T) for three enumerated reasons, while the Petition to Correct Error Statute requires a county auditor to correct errors discovered in the tax duplicate for any of eight stated grounds. *Compare* I.C. § 6–1.1–26–1(4) (three possible grounds) *with* I.C. §§ 6–1.1–15–12(a)(1)–(8) (eight possible grounds). Moreover, an error of omission by a county officer, as is the Hutchersons' claim, is not an enumerated ground for which a refund can be sought under the Refund Statute, but is a proper ground for filing a petition to correct

error. *See* I.C. § 6–1.1–26–1(4); I.C. § 6–1.1–15–12(a)(8).

■ Finally, even if the word "correct" falls within *Gundersen*'s broad definition of the word "refund," and thus operates to incorporate the requirements of the Refund Statute into the Petition to Correct Error Statute, the result would be an absurdity. The Court cannot select one provision from a statute for incorporation into another statute without the express direction of a statute or other authority. *See Enterprise Leasing Co. of Chicago v. Indiana Dep't of State Revenue*, 779 N.E.2d 1284, 1294 (Ind. Tax Ct.2002) ("[g]enerally, the best evidence of [the] intent [of the Legislature] is found in the language of the statute" (citation omitted)). Finding none here, the Court would have to incorporate all of the Refund Statute's provisions, not just the time limitation provision. As a result, express distinctions between the two statutes would be lost and rendered meaningless. *See id.*, 779 N.E.2d at 1294 ("[t]he Court will avoid an interpretation that renders any part of the statute meaningless or superfluous" (citation omitted)). The Court will not countenance such an absurdity. *Board of Comm'rs v. Vincent*, 988 N.E.2d 1280, 1282 (Ind. Tax Ct.2013) (legislative enactments are to be construed in a manner that does not create an absurdity); *Bethlehem Steel Corp. v. Indiana Dep't of State Revenue*, 597 N.E.2d 1327, 1332 (Ind. Tax Ct.1992) ("[t]he court must assume that the legislature intended to adopt a meaningful statute and not an absurdity" (quotation marks and citation omitted)). Thus, the time limitation in the Refund Statute does not apply to the Hutchersons' petitions to correct error, and accordingly, the Hutchersons' petitions were timely filed.

■ The Court is well aware that this decision has the potential to open the floodgates for petition to correct error appeals by finding, as it must, that no statutory or regulatory time limitation exists after April 1, 2000. Moreover, the Court strongly supports the important public policy favoring limitations of claims. *See Gundersen*, 831 N.E.2d at 1276 (stating that the court favors a statute of limitations because it provides security against stale claims). Nonetheless, the Court declines to invade the domain of the Legislature and write in a limitations period where none exists. *See Caylor–Nickel*, 569 N.E.2d at 769. It is the role of our elected Legislature, not of the Judiciary, to determine public policy. *See Boehm v. Town of St. John*, 675 N.E.2d 318, 321 (Ind.1996) ("the legislature has wide latitude in determining public policy, and we do not substitute our belief as to the wisdom of a particular statute for [that] of the legislature" (quotation marks and citation omitted)). The Court ardently urges the Legislature or the Department of Local Government Finance to act with all haste to provide security against stale claims arising under Indiana Code § 6–1.1–15–12.

## CONCLUSION

For all the reasons stated above, the Court DENIES the Assessor's Motion to Dismiss the Hutchersons' claims for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Moreover, the Tax Court REVERSES the Indiana Board's final determination that the Hutchersons' petitions to correct error for 2004 through 2007 were untimely, and REMANDS for action consistent with this opinion.

SO ORDERED.