ATTORNEY FOR PETITIONERS:
**JAMES K. GILDAY**
GILDAY & ASSOCIATES, P.C.
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**JOHN P. LOWREY**
**JESSICA R. GASTINEAU**
OFFICE OF CORPORATION COUNSEL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

MUIR WOODS SECTION ONE ASSN., INC., )
MUIR WOODS, INC., SPRUCE KNOLL )
HOMEOWNERS ASSOC., INC., and )
OAKMONT HOMEOWNERS ASSOC., INC., )
)
Petitioners, )
)
v. )  Cause No. 22T-TA-00001
)
MARION COUNTY ASSESSOR, )
)
Respondent. )

FILED
Dec 22 2023, 11:07 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

## ORDER ON RESPONDENT'S MOTION TO DISMISS

**FOR PUBLICATION**
**December 22, 2023**

ROBB, Senior J.

Muir Woods Section One Assn., Inc., Muir Woods, Inc., Spruce Knoll Homeowners Assoc., Inc., and Oakmont Homeowners Assoc., Inc. (the HOAs) initiated an appeal with this Court alleging that the Indiana Board of Tax Review erroneously dismissed their case at the administrative level. Upon review, the Court finds that it lacks subject matter jurisdiction to decide the HOAs' appeal.

**FACTS AND PROCEDURAL HISTORY**

The HOAs are all homeowners' associations that own property in Marion County, Indiana. In 2014, the HOAs filed 141 "Petition[s] for Correction of an Error" (Forms 133) appealing the assessment of their common areas for the 2001, 2002, and 2003 assessment years. (*See, e.g.*, Cert. Admin. R. at 6-7 ¶¶ 2-3.) The HOAs believed their common areas should have been assessed as having little to no value. (*See, e.g.*, Cert. Admin. R. at 16-23.) After the Marion County Property Tax Assessment Board of Appeals denied all 141 Forms 133 in a single order, the HOAs appealed to the Indiana Board. (*See* Cert. Admin. R. at 5-34.)

In 2018, three years after appealing to the Indiana Board, the Marion County Assessor moved to dismiss the appeal on the basis that the HOAs utilized the wrong form to litigate their claims. (*See, e.g.*, Cert. Admin. R. at 526-27 ¶ 1, 529 ¶¶ 8-10, 540.) In a final determination dated June 13, 2019, the Indiana Board held that the HOAs had indeed raised the type of claims that could not be corrected using a Form 133 and dismissed the appeals. (*See, e.g.*, Cert. Admin. R. at 526, 537 ¶ 29.)

The HOAs subsequently initiated an original tax appeal, claiming that the Indiana Board's final determination was erroneous for three reasons. (*See, e.g.*, Cert. Admin. R. at 541, 543.) In an opinion issued on August 31, 2020, this Court affirmed in part and reversed in part the Indiana Board's final determination. (*See* Cert. Admin. R. at 538-47.) More specifically, the Court rejected two of the HOAs' three stated claims of error – that their common areas were exempt from taxation and that the assessed values of their common areas did not include the proper discount prescribed in the applicable land order – and affirmed the Indiana Board's dismissal as to those two

2

issues. (*See* Cert. Admin. R. at 547.) The Court, however, remanded the HOAs' third claim of error – whether their common areas had been taxed more than once – for the Indiana Board to consider. (*See* Cert. Admin. R. 547.) The Court noted that because the HOAs had not had the opportunity to present evidence to the Indiana Board regarding that claim, they were entitled to do so on remand. (*See* Cert. Admin. R. at 547 (indicating to the Indiana Board that "a review of the property record cards and tax bills of the individual homeowners within each HOA community may reveal that [the] objective error [of multiple taxation] was made").)

The HOAs appealed the Tax Court's decision to the Indiana Supreme Court. (*See, e.g.*, Cert. Admin. R. at 548.) On August 26, 2021, the Supreme Court affirmed the portion of the Tax Court's decision that 1) rejected the HOAs' claim that their common areas were exempt from taxation and 2) remanded to the Indiana Board the issue of whether the common areas had been taxed more than once. (*See* Cert. Admin. R. at 548-53.) The Supreme Court, however, reversed the portion of the Tax Court's decision with respect to the HOAs' claim that the assessed values of their common areas did not include the proper discount prescribed in the applicable land order and remanded that issue (along with the issue the Tax Court previously remanded) to the Indiana Board "for further proceedings." (*See* Cert. Admin. R. at 548-553.)

On October 4, 2021, the HOAs requested that the Indiana Board schedule a status conference. (*See* Cert. Admin. R. at 554-57.) Instead, the Indiana Board scheduled a hearing for December 8, 2021, to review and decide the two issues that had been remanded to it. (*See* Cert. Admin. R. at 558-60.) In scheduling that hearing,

the Indiana Board stated that "[e]vidence will be limited to the two issues [remanded to it], namely, whether the common areas were assessed at '20% of the base rate,' and whether 'a review of the property record cards and tax bills' indicate the tax was paid more than once." (Cert. Admin. R. at 560.)

On October 28, 2021, the parties filed a joint motion to continue the Indiana Board hearing and for leave to submit an agreed case management plan in which they would "stipulate the earliest time in which they [would] be prepared" for a remand hearing. (*See* Cert. Admin. R. at 561-64.) On November 10, 2021, however, the Indiana Board issued a notice to the parties that it would merely reschedule the remand hearing for December 15, 2021. (*See* Cert. Admin. R. at 565-66.)

On November 12, 2021, the HOAs filed with the Indiana Board an unopposed motion to establish a case management plan in which it sought to push the remand hearing out to late September or October of 2022 so that it would have time to conduct discovery and file dispositive motions if necessary.[1] (*See* Cert. Admin. R. at 567-70; Cert. Admin. R. Addendum at 2319-21.) One week later, on November 19, 2021, the HOAs served the Assessor with a Trial Rule 30(b)(6) notice of deposition – along with a request for production of certain documents – scheduled for December 2, 2021. (*See* Cert. Admin. R. at 582 ¶ 9, 601-09, 620-21.) That same day, however, the Assessor's counsel advised the HOAs that December 2nd would probably not work because she had a medical appointment. (*See* Cert. Admin. R. at 2106.) Despite a subsequent series of rather contentious emails between the parties, the HOAs ultimately conducted

---

[1] The HOAs represent that at the time they filed this motion on November 12, they had not yet received the Indiana Board's order rescheduling the remand hearing for December 15. (*See* Pet'rs' Br. Supp. Pet. Jud. Rev. ("Pet'rs' Br.") at 7 ¶ 8 (indicating that the HOAs received the Indiana Board's notice in the mail on November 15).)

the deposition on December 2 but, as should have been anticipated, the Assessor and his counsel did not appear. (*See, e.g.*, Cert. Admin. R. 2101-06, 2116-28, 2155-70.)

On December 14, 2021, the HOAs filed with the Indiana Board both a motion for partial summary judgment (complete with a brief and designation of evidence) as well as a motion to reschedule the remand hearing that was set for the next day, December 15. (*See* Cert. Admin. R. at 580-86, 628-2057.) The Assessor responded with a motion to strike the HOAs' motion for partial summary judgment, arguing that the HOAs failed to timely provide him with their designated evidence/exhibits that supported their motion for partial summary judgment. (*See* Cert. Admin. R. at 2058-62.) *See also* 52 IND. ADMIN. CODE 4-8-1 (2021) (indicating that the parties are to exchange copies of documentary evidence at least five business days before the scheduled Indiana Board hearing).

On December 21, 2021, the HOAs filed a motion with the Indiana Board seeking sanctions against the Assessor for his failure to appear at the December 2 deposition and produce the requested documents. (*See* Cert. Admin. R. at 2064-78.) The next day, December 22, 2021, the Indiana Board issued an order dismissing the HOAs' appeal on the basis that the HOAs failed to appear at the scheduled December 15

remand hearing.[2]  (*See* Cert. Admin. R. at 2184.)  Nonetheless, the Indiana Board

indicated in its order that

> Within ten (10) days after the issuance of this Notice, [the HOAs]
> may file a written objection requesting that this Notice be vacated
> and set aside.  This objection must contain supportive facts stating
> why they did not appear at the hearing and showing just cause why
> this appeal should not be dismissed.  Upon receipt of [the] written
> objection, the Indiana Board of Tax Review *may* schedule another
> hearing on this appeal.

(Cert. Admin. R. at 2184.)  *See also* 52 IND. ADMIN. CODE 4-9-4 (2021) (providing that 1)

if a party fails to appear at an Indiana Board hearing, the Indiana Board shall dismiss

the appeal; 2) the party then has 10 days to request that the dismissal be set aside; and

3) the Indiana Board may set aside its dismissal for failure to appear if the party

demonstrates good cause).

On January 3, 2022, the HOAs filed a motion with the Indiana Board seeking to

have the dismissal of their case vacated.  (*See* Cert. Admin. R. at 2185-2225.)  On

January 10, 2022, the Indiana Board took the HOAs' motion to vacate "under

advisement" and rescheduled the remand hearing for February 11, 2022, stating that it

would hear "all pending matters" at that time.  (*See* Cert. Admin. R. at 2242-44.)  Three

days later, however, on January 13, 2022, the Indiana Board resolved one of those

pending matters, issuing an order that denied the HOAs' partial motion for summary

---

[2] As its authority for dismissing the HOAs' appeal, the Indiana Board's order cited 52 Indiana Administrative Code 2-10-1.  (Cert. Admin. R. at 2184.)  That regulation, however, which allowed the Indiana Board to dismiss an appeal petition for a party's failure to appear, had been repealed in 2020 and replaced by 52 Indiana Administrative Code 4-9-4.  *Compare* 52 IND. ADMIN. CODE 2-10-1 (repealed 2020) *with* 52 IND. ADMIN. CODE 4-9-4 (eff. May 15, 2020).  Given that the two regulations are substantially similar, the Indiana Board's citation error is harmless. (*See also* Pet'rs' Reply Br. Supp. Pet. Jud. Rev. ("Pet'rs' Reply Br.") at 10 (acknowledging that the Indiana Board's citation error was "inconsequential" because the two regulations are essentially the same).)

judgment on the basis that it was untimely under the Indiana Board's administrative regulations.[3]  (*See* Cert. Admin. R. at 2245-46.)

On January 18, 2022, the HOAs sought a rehearing with the Indiana Board on its partial motion for summary judgment denial.  (*See* Cert. Admin. R. at 2277-84.)  When, by February 7, 2022, the Indiana Board had not yet ruled on that rehearing request, the HOAs initiated an appeal with the Tax Court.  (*See* Pet'rs' Pet. Jud. Rev. Fin. Determination Dismissing Pet'rs' Form 133 Pet. & Denying Mot. Partial Summ. J. ("Pet'rs' Pet.") at 10 ¶¶ 51-52.)

The parties subsequently filed their written briefs in accordance with Tax Court Rule 3(G).  In his brief, the Assessor asserted that the Court must dismiss the HOAs' appeal for lack of subject matter jurisdiction.[4]  (*See* Resp't Br. at 6, 8-10.)  The Court conducted oral argument on October 19, 2022.  Additional facts will be supplied when necessary.

## LAW

Subject matter jurisdiction, the power of a court to hear and determine a particular class of cases, can only be conferred upon a court by the Indiana Constitution

---

[3] In its order, the Indiana Board cited to 52 Indiana Administrative Code 4-7-3(b); that regulation states "[a party's] motion for summary judgment filed less than thirty (30) days before a hearing may be denied as untimely."  (Cert. Admin. R. at 2245-46); 52 IND. ADMIN. CODE 4-7-3(b) (2022).

[4] "A claim of lack of  subject matter jurisdiction should be advanced through a motion to dismiss . . . under Trial Rule 12(B)(1)."  *Albright v. Pyle*, 637 N.E.2d 1360, 1363 (Ind. Ct. App. 1994). While the Assessor did not file such a motion, that failure is not determinative here:  the lack of subject matter jurisdiction can be raised at any time and, even when not raised properly by a party, the tribunal must consider the issue *sua sponte.  See id.  See also, e.g., Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1287 (Ind. 1994) (explaining that while the defendant filed a motion for summary judgment in which it asserted that the plaintiff's complaint was barred by the exclusivity provision of the Indiana Workers Compensation Act, the trial court should have treated that motion as a motion to dismiss for lack of subject matter jurisdiction).

or by statute. *See In re Adoption of O.R.*, 16 N.E.3d 965, 970-71 (Ind. 2014); *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006); *State v. Sproles*, 672 N.E.2d 1353, 1356 (Ind. 1996). When a court lacks subject matter jurisdiction, any judgment it enters is void. *State Bd. of Tax Comm'rs v. Ispat Inland, Inc.*, 784 N.E.2d 477, 481 (Ind. 2003).

## ANALYSIS

In their appeal to the Tax Court, the HOAs argue that the Indiana Board's decision to dismiss their case should be reversed because it "was contrary to [the] Indiana Rules of Trial Procedure[] and in violation of most if not all of Indiana Code § 33-26-6-6(e)[.]" (Pet'rs' Br. Supp. Pet. Jud. Rev. ("Pet'rs' Br.") at 3.) More specifically, the HOAs assert that, "logically," the Indiana Board should have continued the December 15 remand hearing and rescheduled it for a later date, instead of dismissing the appeal, given the following "facts":

1) the HOAs adequately explained to the Indiana Board very early on that they needed to conduct discovery and therefore needed a reasonable amount of time to do so before an evidentiary hearing should have ever been scheduled;

2) the HOAs' partial motion for summary judgment, which was filed before the December 15, 2021, hearing should have been decided before any evidentiary remand hearing could be conducted; and

3) prior to the December 15 remand hearing, the HOAs raised several concerns regarding "exigent health circumstances" and the possible, yet "uncertain," exposure of individuals from both

8

parties' litigation teams to COVID-19.[5]

(*See* Pet'rs' Br. 21-30 (claiming that in failing to acknowledge these facts, the Indiana Board violated the Trial Rules contemplating the need for case management conferences and plans as well as a party's "right" to file summary judgment motions).) (*See also* Cert. Admin. R. at 580-85 (outlining the possible COVID-19 exposures).) The HOAs also allege that the Indiana Board erred in determining that their partial motion for summary judgment was untimely. (*See* Pet'rs' Br. at 32-38 (asserting in part that because Indiana Trial Rule 56 allows a party to file a motion for summary judgment at any time, the Indiana Board's regulation requiring such a motion not less than 30 days prior to a scheduled administrative hearing is in direct conflict and therefore inapplicable).)

In response, the Assessor argues that the Tax Court must dismiss the HOAs' appeal because the HOAs have not yet received a final determination from the Indiana Board. (*See* Resp't Br. at 1.) Consequently, the Assessor argues, the Court lacks

---

[5] As the HOAs have explained:

> Exigent health circumstances justified [the HOAs'] non-appearance [at the December 15 remand hearing]. The undeniable fact is that the Delta and Omicron Coronavirus Variants surges were infecting, even the vaccinated, in increasingly large numbers. . . . Therefore, the utmost prudence, whether articulated with accurate foresight in [their] Motion for Continuance, or in hindsight, was employed by [the HOAs] and their counsel in not being physically present . . . on December 15, 2021.

(Pet'rs' Br. at 29 (citation omitted).)

9

subject matter jurisdiction to decide the HOAs' case and should remand the matter to the Indiana Board to complete its administrative review.[6]  (*See* Resp't Br. at 8-10, 15.)

Does the Tax Court have Subject Matter Jurisdiction?

The Assessor's motion to dismiss for lack of subject matter jurisdiction presents the threshold question concerning the Court's power to act.  This Court has subject matter jurisdiction over all "original tax appeals" and its territorial jurisdiction spans the entire state.  IND. CODE §§ 33-26-3-1, -3 (2023); Ind. Tax Court Rule 13.

A case is an original tax appeal if it "arises under the tax laws of Indiana" and it "is an initial appeal of a final determination" made by the Indiana Board.[7]  I.C. § 33-26-3-1.  With respect to the first requirement, a case arises under Indiana's tax laws "if (1) 'an Indiana tax statute creates the right of action,' or (2) 'the case principally involves collection of a tax or defenses to that collection.'"  *State ex rel. Zoeller v. Aisin USA Mfg., Inc.*, 946 N.E.2d 1148, 1152 (Ind. 2011) (citation omitted).

The second requirement embodies the principle basic to all administrative law that a party seeking judicial relief from an agency action must first establish that all administrative remedies have been exhausted.  *See Ispat Inland*, 784 N.E.2d at 482.  Thus, the lack of a final determination from the Indiana Board, which is the equivalent to the failure to exhaust administrative remedies, will act to deprive the Tax Court of

---

[6] Alternatively, the Assessor maintains that the Indiana Board's dismissal of the HOAs' case should be affirmed because the HOAs did not demonstrate any "extraordinary circumstances" that justified their failure to appear at the December 15 remand hearing. (*See* Resp't Br. at 6-7, 10-14.)  Given the Court's resolution of the Assessor's subject matter jurisdiction claim, the Court need not address this issue.

[7] While not relevant here, a case may also be an initial appeal of a final determination made by either the Department of State Revenue or the Department of Local Government Finance.  *See* IND. CODE § 33-26-3-1 (2023); IND. CODE § 33-26-6-0.2 (2023).

subject matter jurisdiction in a case. *See State ex rel. Att'y Gen. v. Lake Super Ct.*, 820 N.E.2d 1240, 1247 (Ind. 2005), *cert. denied; Ispat Inland*, 784 N.E.2d at 482. "A final determination is an order that determines the rights of, or imposes obligations on, the parties as a *consummation* of the administrative process." *Whetzel v. Dep't of Loc. Gov't Fin.*, 761 N.E.2d 904, 906 (Ind. Tax Ct. 2002) (emphasis added and quotations omitted).

Here, the Assessor asserts that the Indiana Board's December 22, 2021, order dismissing the HOAs' appeal was an appealable final determination. (*See* Resp't Br. at 9.) But when the HOAs moved to vacate that dismissal on January 3, 2022, and the Indiana Board subsequently took that motion under advisement *and scheduled another remand hearing for February 11, 2022*, the December 22, 2021, order "ceased to be a final determination[ as] it was no longer a 'culmination of the administrative process,' determined no rights, and imposed no obligations." (Resp't Br. at 9-10 (citation omitted).) The Court finds the Assessor's argument persuasive.

Indiana Code § 6-1.1-15-5 provides that once the Indiana Board issues a final determination in a case, a party to the proceeding has 15 days to request a rehearing. IND. CODE § 6-1.1-15-5(a) (2021). That statute further provides that if the Indiana Board grants the rehearing request, it "(1) may conduct the additional hearings that [it] determines necessary or [it may] review the written record without additional hearings; *and (2) shall issue a final determination not later than ninety (90) days after notifying the parties that [it] will rehear the final determination.*" I.C. § 6-1.1-15-5(a) (emphasis added). A party's request for rehearing does not toll the time by which it must file a petition for judicial review *unless* the rehearing request is granted. I.C. § 6-1.1-15-5(a).

11

The language contained in Indiana Code § 6-1.1-15-5(a) is unambiguous: it indicates the Legislature's intent that once the Indiana Board grants a request for rehearing, its original final determination ceases to carry any weight as the Indiana Board must issue a "new" final determination in the matter that either "affirm[s] or modif[ies]" the original final determination. *See* I.C. § 6-1.1-15-5(a). Accordingly, when the HOAs moved to vacate the Indiana Board's December 22, 2021, dismissal and the Indiana Board took that motion under advisement and scheduled another remand hearing for February 11, 2022, the original December 22, 2021, order ceased to be an appealable final determination because the administrative review process had not yet been consummated.[8] *See* I.C. § 6-1.1-15-5(a); *Whetzel*, 761 N.E.2d at 906. *See also Crown Prop. Grp., LLC v. Indiana Dep't of State Revenue*, 135 N.E.3d 671, 677 (Ind.

_____

[8] The HOAs' counsel has stated that he "did not understand" how this result could be possible in light of certain "ambiguous or confusing" Indiana Board regulations, namely 52 Indiana Administrative Code 4-9-4 and 4-9-6. (*See* Oral Arg. Tr. at 11-14, 20 (asserting that because those regulations, which govern Indiana Board dismissals for failure to appear or as a sanction, do not contain a stay of the 45-day period to file an original tax appeal pending the outcome of a challenge to a dismissal, he interpreted those regulations as not allowing for a rehearing).) (*See also* Pet'rs' Reply Br. at 10 (maintaining that the Indiana Board's December 22, 2021, order dismissing the HOAs' case had to be an appealable final determination because he could not move for rehearing on the notice of dismissal under the Indiana Board's regulations).)

When construing regulations, the foremost goal is to give effect to the intent of the promulgating administrative agency. *Will's Far-Go Coach Sales v. Nusbaum*, 847 N.E.2d 1074, 1078 (Ind. Tax Ct. 2006), *rev'd on other grounds.* In doing so, it must be presumed that the administrative agency intended its regulations to apply in logical manner and in a way that prevents an unjust or absurd result. *Id.* Here, however, the practical effect of counsel's regulatory interpretation produces an unjust and absurd result. Indeed, while an administrative agency may adopt rules and regulations that enable it to put into effect the purposes of the law, it may not make rules and regulations that are inconsistent with the statute it is administering or that add to or detract from the law as enacted. *Johnson Cnty. Farm Bureau Co-op. Ass'n, v. Indiana Dep't of State Revenue*, 568 N.E.2d 578, 587 (Ind. Tax Ct. 1991), *aff'd,* 585 N.E.2d 1336 (Ind. 1992). To interpret Indiana Board regulations 52 Indiana Administrative Code 4-9-4 and 4-9-6 as the HOAs' counsel has here produces a result inconsistent with the Legislature's unambiguous intent in enacting Indiana Code § 6-1.1-15-5(a). *See supra* p. 11. (*See also* Oral Arg. Tr. at 14 (where the HOAs' counsel admits that if he is wrong in his interpretation, "then I don't think that [the HOAs] are as prejudiced as what [we] currently believe").)

Tax Ct. 2019) (explaining that when statutory language is clear and unambiguous, the Court must give effect to its plain meaning, and it cannot enlarge or restrict that plain meaning).

**CONCLUSION**

The HOAs initiated an appeal with this Court before they consummated the administrative review process and received a final determination from the Indiana Board. As a result of their premature filing, the Court lacks subject matter jurisdiction to hear their appeal. Accordingly, the Court GRANTS the Assessor's motion to dismiss. The Court REMANDS the matter to the Indiana Board for action consistent with this opinion.[9]

SO ORDERED this 22nd day of December, 2023.

$$\overline{\hspace{3cm}}$$
Margret G. Robb, Senior Judge
Indiana Tax Court

Distribution:
James K. Gilday, John P. Lowrey, Jessica R. Gastineau, Indiana Board of Tax Review

---

[9] As it was reviewing the certified administrative record in this matter, it was evident to the Court that the Indiana Board was frustrated by both the case's return to its docket and how the parties have litigated it. While it is no doubt important for the Indiana Board to manage its docket and keep things moving along, it is also important that litigants know they are being heard. Accordingly, the Court urges the Indiana Board on remand to work *with* the parties in implementing a case management plan that allows them the necessary time to present their positions but still facilitates an efficient resolution of the matter. To that end, the Court notes that when it initially remanded the question of double taxation to the Indiana Board, it *suggested* that "a review of the property record cards and tax bills of the individual homeowners within each HOA community *may* reveal that [the] objective error [of multiple taxation] was made[.]" (Cert. Admin. R. at 547 (emphasis added).) Ultimately, however, it is for the HOAs to choose what evidence to present in their attempt to make their case.