ATTORNEY FOR PETITIONER:
**JAMES K. GILDAY**
GILDAY & ASSOCIATES, P.C.
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**EVAN W. BARTEL**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

_____

# IN THE
# INDIANA TAX COURT

**FILED**
Jun 18 2015, 3:31 pm

CLERK
of the supreme court,
court of appeals and
tax court

_____

| | | |
|---|---|---|
| MUIR WOODS, INC.,[1] | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 49T10-1302-TA-38 |
| | ) | |
| JOSEPH P. O'CONNOR, ASSESSOR | ) | |
| OF MARION COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

_____

ON APPEAL FROM THE FINAL DETERMINATION
OF THE INDIANA BOARD OF TAX REVIEW

_____

**DRAFT:  FOR PUBLICATION**
**June 18, 2015**

WENTWORTH, J.

This case concerns whether the Indiana Board of Tax Review erred when it

dismissed Muir Woods Inc.'s Petitions For Correction Of An Error (Forms 133) because

_____

[1] By Court order, the following cases raising identical issues have been consolidated with this case:  Sylvan Ridge Lakes Homeowners Association, Inc. v. Joseph P. O'Connor, Assessor of Marion County, Cause No. 49T10-1302-TA-39; Oakmont Homeowners Association, Inc. v. Joseph P. O'Connor, Assessor of Marion County, Cause No. 49T10-1302-TA-40; Spruce Knoll Homeowners Association, Inc. v. Joseph P. O'Connor, Assessor of Marion County, Cause No. 49T10-1302-TA-41; Muir Woods Section One Association, Inc. v. Joseph P. O'Connor, Assessor of Marion County, Cause No. 49T10-1302-TA-42).)  (See Order Pet'r Mot. Consolidate Pets.)

the forms alleged errors not correctable under that appeal procedure. The Court affirms.

## FACTS AND PROCEDURAL HISTORY

Muir Woods is the homeowners' association of a planned unit development in Indianapolis. (See Cert. Admin. R. at 11, 653.) On July 9, 2009, Muir Woods filed two Forms 133 with the Marion County Property Tax Assessment Board of Appeals (PTABOA) asserting that the property taxes arising from 2004 and 2005 assessments of its common area land were illegal as a matter of law. (See Cert. Admin. R. at 6-11.) The PTABOA denied the Forms 133.

Muir Woods subsequently filed two Petitions for Review (Forms 131) with the Indiana Board, attaching the Forms 133 that were denied by the PTABOA. (See, e.g., Cert. Admin. R. at 3-17.) Muir Woods again claimed that its property taxes were illegal as a matter of law. (See Cert. Admin. R. at 16-17.) Additionally, Muir Woods claimed that the Marion County Assessor failed to adjust the base rate of its common area land. (See Cert. Admin. R. at 17.)

On January 13, 2012, the Indiana Board issued an Order To Show Cause Why Petitions Should Not Be Dismissed On Grounds That They Allege Errors In Subjective Judgment (Show Cause Order). (See Cert. Admin. R. at 73-79.) The Show Cause Order stated that the Indiana Board may dismiss Muir Woods's case unless it showed that its claims were "properly brought on Form 133 petitions, or, alternatively that it complied with the appeal procedure's deadlines and other requirements[.]" (See Cert. Admin. R. at 77.)

On March 30, 2012, Muir Woods submitted its written response, and on August

2

29, 2012, the Indiana Board held a hearing on the Show Cause Order.[2] (See Cert. Admin. R. at 128-41, 651-70.) On December 28, 2012, the Indiana Board dismissed Muir Woods's case, stating that Muir Woods "alleged errors that are not correctable using the Form 133 process[.]" (See Cert. Admin. R. at 345.)

On February 11, 2013, Muir Woods initiated an original tax appeal. The Court conducted oral argument on December 6, 2013. Additional facts will be supplied when necessary.

## STANDARD OF REVIEW

This Court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority. Will's Far-Go Coach Sales v. Nusbaum, 847 N.E.2d 1074, 1076 (Ind. Tax Ct. 2006). Therefore, the Court will reverse a final determination of the Indiana Board only if it is:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) contrary to constitutional right, power, privilege, or immunity;
>
> (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;
>
> (4) without observance of procedure required by law; or
>
> (5) unsupported by substantial or reliable evidence.

IND. CODE § 33-26-6-6(e)(1)-(5) (2015). The party seeking to overturn the Indiana Board's final determination bears the burden of establishing its invalidity. Osolo Twp.

---

[2] During the Show Cause Hearing, Muir Woods acknowledged that although it submitted both Forms 131 and 133, it was pursuing the Form 133 appeal procedure. (See Cert. Admin. R. at 656-58.) It therefore did not address whether its Forms 131 complied with statutory requirements. (See Cert. Admin. R. at 128-41, 273-80, 651-70.)

3

Assessor v. Elkhart Maple Lane Assocs., 789 N.E.2d 109, 111 (Ind. Tax Ct. 2003).

**LAW**

In 2009, a taxpayer had two avenues to appeal a property tax assessment. First, a taxpayer could appeal its current year's assessment by filing a Petition For Review Of Assessment By Local Assessing Official (Form 130). See IND. CODE § 6-1.1-15-1 (2009) (amended 2011). See also, e.g., Form 130, available at http://www.in.gov/dlgf/8516.htm. A Form 130 must be filed with the local property tax authority by May 10 or 45 days from the date the county treasurer mailed the tax statement, whichever is later. See I.C. § 6-1.1-15-1(d) (stating the time for filing when no notice of assessment has been issued). If the local property tax authority denied the requested relief, the taxpayer had 45 days from that determination to seek the Indiana Board's review by filing a Form 131. See IND. CODE § 6-1.1-15-3 (2009). See also 52 IND. ADMIN. CODE 2-4-2(a) (2009) (see http://www.in.gov/legislative/iac/).

A taxpayer could use a second appeal procedure to challenge a property tax assessment by filing a Form 133. See IND. CODE § 6-1.1-15-12 (2009) (amended 2011). (See also, e.g., Cert. Admin. R. at 6-9.) In comparison to the short filing deadline of the Form 130/131 appeal procedure, the Form 133 appeal procedure during the years at issue could be used at the time of this appeal anytime within three years of the date the taxes were first due. See Will's Far-Go Coach Sales, 847 N.E.2d at 1077. But see Hutcherson v. Ward, 2 N.E.3d 138, 142 (Ind. Tax Ct. 2013) (explaining in 2013 that the Form 133 appeal procedure was not restricted by a time limitation). Moreover, the types of errors that are correctable using a Form 133 appeal procedure are expressly limited; whereas, the types of errors correctable using a Form 130/131 appeal

4

procedure are not. See Bender v. Indiana State Bd. of Tax Comm'rs, 676 N.E.2d 1113, 1114 (Ind. Tax Ct. 1997). Specifically, the Form 133 addresses three types of errors, i.e., (1) the taxes were illegal as a matter of law, (2) there was a mathematical error in computing an assessment, or (3) through an error or omission by the county official, the taxpayer was not given credit for an exemption or deduction permitted by law. See, Form 133, available at http://www.in.gov/dlgf/8516.htm. In addition, errors susceptible to correction by using a Form 133 appeal procedure are objective errors, not errors that require subjective judgments to be corrected. See Hatcher v. State Bd. of Tax Comm'rs, 561 N.E.2d 852, 857 (Ind. Tax Ct. 1990).

## ANALYSIS

Muir Woods asks the Court to reverse the Indiana Board's final determination for three reasons. First, Muir Woods contends that the Indiana Board had no legal authority to raise matters for dismissal sua sponte. Second, Muir Woods claims that before the Indiana Board could dismiss its case, it was required to conduct a full evidentiary hearing. Third, Muir Woods claims that the Indiana Board erred in dismissing its case because the errors in its assessments were susceptible to correction under the Form 133 appeal procedure.

I.

On appeal, Muir Woods first contends that the Indiana Board failed to identify any authority permitting it to issue the Show Cause Order sua sponte and, as a result, dismiss its case. (See V. Pet. Judicial Review Final Determination Dismissing Appeal Pets. Ind. Bd. Tax Review (Pet'r Pet.) at 5 ¶ 22; Pet'r Br. Supp. V. Pet. Judicial Review

5

(Pet'r. Br.) at 16-19.)  Although the Indiana Board did not identify the authority it relied

upon to inquire whether Muir Woods's case should be dismissed, its regulations state:

> (a) The board may issue an order of default or dismissal as
> the result of:
> (1) failure of the petitioner to state a claim on which relief can
> be granted;
>
> . . . .
>
> (b) The board may issue an order of default or dismissal on
> motion of a party or <u>on its own motion</u>.

<u>See</u> 52 IND. ADMIN. CODE 2-10-2(a)(1), (b) (2012) (emphasis added) (see

http://www.in.gov/legislative/iac/).  The Indiana Board could dismiss a case <u>sua</u> <u>sponte</u>;

therefore, it necessarily had the authority to determine whether it should dismiss Muir

Woods's case by issuing the Show Cause Order <u>sua</u> <u>sponte</u>.  Consequently, the

Indiana Board acted within its authority when it issued the Show Cause Order <u>sua</u>

<u>sponte</u>.

II.

Second, Muir Woods claims that before the Indiana Board could dismiss its case,

it was required to conduct a full evidentiary hearing pursuant to Indiana Code § 6-1.1-

15-4(a).  (<u>See</u> Pet'r Br. at 16-17.)  Muir Woods asserts that the Indiana Board did not

comply with that requirement.  (<u>See</u> Pet'r Br. at 16-17.)

Indiana Code § 6-1.1-15-4(a) states that "[a]fter receiving a petition for review . . .

the Indiana board shall conduct a hearing at its earliest opportunity.  The Indiana board

may correct any errors that may have been made and adjust the assessment . . . in

accordance with the correction."  <u>See</u> IND. CODE § 6-1.1-15-4(a) (2012).[3]  The plain

---

[3]  The hearing requirement provided for in Indiana Code § 6-1.1-15-4(a) is also applicable to the
Form 133 appeal procedure.  <u>See</u> IND. CODE § 6-1.1-15-12(e) (2012).

6

language of this statute requires a hearing before the Indiana Board may "correct any errors." See Johnson Cnty. Farm Bureau Coop. Ass'n, v. Indiana Dep't of State Revenue, 568 N.E.2d 578, 581 (Ind. Tax Ct. 1991) aff'd, 585 N.E.2d 1336 (Ind. 1992) (indicating that the Court gives words their plain and ordinary meaning as found in the dictionary). As used in this statute, however, the term "correct any errors" cannot include a dismissal because a correction of an error requires a determination on the merits, while a dismissal stops a case from proceeding to the underlying merits. See Couch v. Hamilton Cnty. Bd. of Zoning Appeals, 609 N.E.2d 39, 41 (Ind. Ct. App. 1993) (explaining that a dismissal for failure to state a claim upon which relief can be granted decides a cause of action without reaching the merits). Nonetheless, even if the dismissal of a case is a type of correction of error contemplated by Indiana Code § 6-1.1-15-4(a), the Indiana Board complied with the hearing requirement because it provided Muir Woods the opportunity to present evidence and argument both prior to and at the Show Cause Hearing. (See Cert. Admin. R. at 77, 651-70.) Accordingly, Muir Woods does not succeed with its second argument.

III.

Third, Muir Woods contends that the Indiana Board erred when it determined that its use of the Form 133 appeal procedure was not the proper avenue to assert its claims that the assessment of its common area land was illegal as a matter of law. Indeed, Muir Woods asserts that the Form 133 appeal procedure was proper because: A) the Indiana Supreme Court has previously held that a challenge to the legality of an assessment methodology may be raised using the Form 133 appeal procedure; B) the correction Muir Woods requests can be determined based solely on objective facts; C)

7

the Assessor has assessed the value of all homeowners' associations' common areas at zero since 2006; D) property taxes were charged more than once on the same property; and E) the Assessor failed to adjust the base rate. (See Pet'r Br. at 10-16.)

A.

Muir Woods contends that its use of the Form 133 appeal procedure was proper according to the Indiana Supreme Court's decision in Lake County Property Tax Assessment Board of Appeals v. BP Amoco Corporation, 820 N.E.2d 1231, 1237 (Ind. 2005). (See Pet'r Br. at 10-11.) In BP Amoco, the Supreme Court explained that generally appeals challenging the legality of the methodology used to generate an assessment must use the Form 130/131 appeal procedure. See Lake Cnty. Prop. Tax Assessment Bd. of Appeals v. BP Amoco Corp., 820 N.E.2d 1231, 1236-37 (Ind. Tax Ct. 2005). The Court, however, acknowledged an exception, stating:

> [I]f the Tax Court had decided a challenge on Form 130 to "a procedure or method used in determining [an] assessment . . . in favor of [the] taxpayer," that would have constituted a declaration that the taxes were illegal as a matter of law, and then the challenging taxpayer (and certain other taxpayers) would have been entitled to use Form 133 to have their assessments corrected[.]

Id. at 1236 (citation omitted) (emphasis added). Muir Woods accordingly argues that its use of the Form 133 appeal procedure was proper because the Indiana Board had previously determined that attributing value to homeowners' associations' common areas was illegal as a matter of law. (See Pet'r Br. at 10-11 (citing Brenwick TND Cmtys., LLC v. Clay Twp. Assessor., Pet. No. 29-003-03-1-5-00034 at 7-9, (Ind. Bd. Tax Review May 15, 2006

8

Muir Wood's reliance on the Indiana Board's decision in <u>Brenwick</u> is misplaced. Because <u>Brenwick</u> is an administrative decision, it cannot "constitute[] a declaration that the [assessed value of a homeowners' associations' common area land is] illegal as a matter of law[.]" <u>See</u> <u>BP Amoco</u>, 820 N.E.2d at 1236. <u>See</u> <u>also</u> <u>6787 Steelworkers Hall, Inc. v. Scott</u>, 933 N.E.2d 591, 595 (Ind. Tax Ct. 2010) (explaining that the Tax Court reviews any questions of law arising from the Indiana Board's factual findings <u>de novo</u>). Such a declaration could only come from the Tax Court, and <u>Brenwick</u> was not appealed to the Tax Court. <u>See</u> <u>BP Amoco</u>, 820 N.E.2d at 1236-37. Accordingly, Muir Woods's claim that assessing a value to its common area land is illegal as a matter of law is incorrect.

B.

Second, Muir Woods contends that it properly used the Form 133 appeal procedure because if it had presented its case on the merits, it would have shown objective facts demonstrating that its common area land was so encumbered it had no value. (<u>See</u> Pet'r Br. at 11.) The Form 133 appeal procedure can remedy only "errors which can be corrected without resort to subjective judgment and according to objective standards." <u>See</u> <u>Hatcher</u>, 561 N.E.2d at 857. Whether Muir Woods's common area land was so encumbered that it lacked any value cannot be determined from a simple rendition of objective facts, but requires subjective judgment to analyze the impact of those facts upon value. <u>See, e.g.,</u> <u>Quality Farm & Fleet, Inc. v. State Bd. of Tax Comm'rs</u>, 747 N.E.2d 88, 91 (Ind. Tax Ct. 2001) (discussing how the decision to apply an influence factor to reflect the impact of the peculiar characteristics on the value of land requires subjective judgment); <u>Wirth v. State Bd. of Tax Comm'rs</u>, 613 N.E.2d 874,

9

878 (Ind. Tax Ct. 1993) (stating that "[v]aluation questions call for subjective judgment"). As a result, Muir Woods's appeal of the assessment of its common area land is not subject to correction using the Form 133 appeal procedure.

C.

Next, Muir Woods contends that it properly used the Form 133 appeal procedure because the Assessor has assessed all common area land at a zero value since the Indiana Board issued Brenwick in 2006. (See Pet'r Br. at 8-9, 12-13.) To support its claim, Muir Woods explains that after the Indiana Board issued Brenwick, the Department of Local Government Finance (DLGF) issued a statewide memorandum mandating the assessment of all common area land at zero. (See Oral Arg. Tr. at 4-5, 11; Cert. Admin. R. at 11.)

The record in this case contains no evidence that the Assessor has assessed all common area land at zero since 2006. (See generally Cert. Admin. R.) The Court will not substitute conclusory statements for probative factual evidence and, thus, Muir Woods's allegations remain mere allegations. See Knox Cnty. Prop. Tax Assessment Bd. of Appeals v. Grandview Care, Inc., 826 N.E.2d 177, 184 (Ind. Tax Ct. 2005). Moreover, the DLGF's memorandum does not mandate a zero assessed value for common area land; rather, it identifies factors for assessors to consider when determining the value of common area land. (See Cert. Admin. R. at 334-35.) Thus, this argument is also unavailing.

D.

Muir Woods further claims that it properly used the Form 133 appeal procedure to claim that the assessment of its common area land resulted in the same property

being taxed more than once. (See Pet'r Br. at 13.) Muir Woods, however, failed to raise this issue on its Forms 133, its memorandum, or during the Show Cause Hearing. (See, e.g., Cert. Admin. R. at 6-17, 128-41, 273-80, 651-70.) When a taxpayer fails to raise an issue at the administrative level, the issue is waived and may not be considered by the Court. Miller Structures, Inc. v. Indiana State Bd. of Tax Comm'rs, 748 N.E.2d 943, 948 (Ind. Tax Ct. 2001). Accordingly, Muir Woods has waived this claim.

## E.

Finally, Muir Woods asserts that the Assessor should have adjusted the base rate of its common area land by 20 percent under the 2002 Marion County Land Order. (See Pet'r Br. at 14-16.) Muir Woods therefore claims that the Assessor's failure to adjust the base rate resulted in a mathematical error that was correctable using the Form 133 appeal procedure. (See Pet'r Br. at 14.) The 2002 Marion County Land Order is not included in the certified record; therefore, the Court cannot determine whether an adjustment to the base rate was required. See Indian Indus., Inc. v. Dep't of Local Gov't Fin., 791 N.E.2d 286, 292 (Ind. Tax Ct. 2003) (explaining that when a taxpayer challenges its assessment under a land order, it is essential that the Court have an opportunity to read and analyze the relevant portion of the applicable land order). Consequently, Muir Woods has not demonstrated that its use of the Form 133 appeal procedure was proper on this basis either.

**CONCLUSION**

11

For the foregoing reasons, the Court finds that the Indiana Board acted within the scope of its authority, and that Muir Woods did not raise a claim cognizable using the Form 133 appeal procedure. Consequently, the Indiana Board's final determination is AFFIRMED.