ATTORNEYS FOR PETITIONER:
**JEFFREY T. BENNETT**
**BRADLEY D. HASLER**
BINGHAM GREENEBAUM DOLL LLP
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**LENA N. SNETHEN**
**JOHN P. LOWREY**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

**FILED**
Sep 03 2015, 3:10 pm

**CLERK**
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| PULTE HOMES OF INDIANA, LLC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 49T10-1302-TA-00011 |
| | ) |
| HENDRICKS COUNTY ASSESSOR, | ) |
| | ) |
| Respondent. | ) |

## ON APPEAL FROM THE FINAL DETERMINATION
## OF THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**September 3, 2015**

WENTWORTH, J.

This case concerns whether the Indiana Board of Tax Review erred when it

dismissed Pulte Homes of Indiana, LLC's[1] twenty Petitions For Correction Of An Error (Forms 133) for the 2003, 2004, and 2005 tax years (the years at issue) because each alleged errors not correctable under that appeal procedure. The Court finds that the Indiana Board did not err.

---

[1] On April 1, 2014, the Court consolidated the following twenty-six cases with this case even though some of those cases involved additional tax years (i.e., the 2006, 2007, and 2008 tax years) because the cases raise essentially the same issue, use similar evidence to support the parties' positions, and were consolidated at the administrative level: Springmill Ponds HOA v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00012; BDC Cardinal, L.P. v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00013; Oaks of Avon v. Hendricks Cnty. Assessor, Cause No. 49T10-1302-TA-00014; Ashwood Homeowners Ass'n, Inc. v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00015; Meadowchase Cmty. Homeowners v. Hendricks Cnty. Assessor, Cause No. 49T10-1302-TA-00016; Lake Santee Prop. Owners Ass'n, Inc. v. Decatur Cnty. Assessor, Cause No. 49T10-1302-TA-00017; Heartland Crossing Found., Inc. v, Hendricks Cnty. Assessor, Cause No. 49T10-1302-TA-00018; Avon Trails Homeowners, Ass'n v. Hendricks Cnty. Assessor, Cause No. 49T10-1302-TA-00019; Highland Springs Homeowners, Ass'n v. Hendricks Cnty. Assessor, Cause No. 49T10-1302-TA-00020; Wellington North Civic Assoc. v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00021; Windermere Homeowners Ass'n, Inc. v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00022; Oxbow Estates Homeowners Assoc., Inc. v. Marion Cnty. Assessor, Cause No. 49T10-1302-TA-00023; Deer Path HOA Inc. v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00024; Lexington Farms Assocs. v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00025; Pleasant View Homeowners Ass'n, Inc. v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00026; Sommerwood Homeowners Ass'n v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00027; Pulte Homes of Indiana LLC v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00028; Heartland Crossing Found., Inc. v, Marion Cnty. Assessor, Cause No. 49T10-1302-TA-00029; Kensington Farms Homeowners Assoc. v. Marion Cnty. Assessor, Cause No. 49T10-1302-TA-00030; Arbor Village Homeowners v. Marion Cnty. Assessor, Cause No. 49T10-1302-TA-00031; Shadow Ridge Assoc., Inc. v. Marion Cnty. Assessor, Cause No. 49T10-1302-TA-00032; Countryside Homeowners Ass'n, Inc. v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00033; Timber Ridge of Marion Co. Homeowners Assoc. v. Marion Cnty. Assessor, Cause No. 49T10-1302-TA-00034; Royalwood Homeowners Ass'n, Inc. v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00035; Sandstone Prop. Owners Ass'n, Inc. v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00036; Spring Farms Homeowners Ass'n. Inc. v. Hamilton Cnty. Assessor, Cause No. 49T10-1302-TA-00037. (See Order Pet'r Mot. Consol. Pets.; Pet'r Mot. Consol. Pets., ¶¶ 2-3.)

**FACTS AND PROCEDURAL HISTORY[2]**

Pulte owns a substantial number of common area parcels of land that are within several residential neighborhoods. (See, e.g., Cert. Admin. R. at 19, 171, 219.) Pulte filed its Forms 133 with the Hendricks County Property Tax Assessment Board of Appeals (PTABOA), claiming that the assessments of its parcels were illegal as a matter of law, or in the alternative, they contained a mathematical error. (See, e.g., Cert. Admin. R. at 2-14.) The PTABOA denied all of Pulte's appeals. (See, e.g., Cert. Admin. R. at 4.)

Pulte subsequently petitioned the Indiana Board, asserting the same claims as it made to the PTABOA. (See Cert. Admin. R. at 2-204.) On January 13, 2012, the Indiana Board issued an "Order To Show Cause Why Petitions Should Not Be Dismissed On Grounds That They Allege Errors In Subjective Judgment" (Show Cause Order). (See Cert. Admin. R. at 205-10.) The Show Cause Order stated that because the Forms 133 appeared to raise claims that could only be resolved by exercising subjective judgment — which could not be addressed by using a Form 133 petition — the Indiana Board had to determine whether it had the authority to provide Pulte with the relief it had requested. (See Cert. Admin. R. at 205.) In response, Pulte submitted its written memorandum with deposition testimony, written discovery responses, and other exhibits. (See Cert. Admin. R. at 223-305.)

---

[2] All parties stipulated to an abbreviated Certified Administrative Record that includes only Pulte's twenty Forms 133. (See generally Stipulation & Mot. Concerning Scope of Admin. Agency. R. Required For Briefing ("Stip"); Order Content Agency R.) More particularly, the parties stipulated that the parcel numbers and assessment years at issue in the cases consolidated with this case (i.e., 2003-2008) could be identified by reference to other pleadings filed with the Indiana Board that will be part of the abbreviated Certified Administrative Record. (See Stip. at 2 ¶ 3.) Moreover, the parties stipulated that Pulte's Forms 133 would serve as illustrative examples of the consolidated parties' Forms 133. (See Stip., ¶ 5.)

On August 29, 2012, the Indiana Board held a hearing on the Show Cause Order. (See Cert. Admin. R. at 385-477.) On December 28, 2012, the Indiana Board issued a final determination dismissing Pulte's petitions. (See Cert. Admin. R. at 306-29.) The final determination found that the resolution of Pulte's claims required subjective judgment and, therefore, were beyond the scope of relief available through the Form 133 appeal procedure. (See Cert. Admin. R. at 326.)

On February 8, 2013, Pulte initiated this original tax appeal. The Court conducted oral argument on December 18, 2014. Additional facts will be supplied when necessary.

## STANDARD OF REVIEW

This Court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority. Tipton Cnty. Health Care Found., Inc. v. Tipton Cnty. Assessor, 961 N.E.2d 1048, 1050 (Ind. Tax Ct. 2012). Therefore, the Court will reverse a final determination of the Indiana Board only if it is:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) contrary to constitutional right, power, privilege, or immunity;
>
> (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;
>
> (4) without observance of procedure required by law; or
>
> (5) unsupported by substantial or reliable evidence.

IND. CODE § 33-26-6-6(e)(1)-(5) (2015). The party seeking to overturn the Indiana Board's final determination bears the burden of establishing its invalidity. Osolo Twp. Assessor v. Elkhart Maple Lane Assocs., 789 N.E.2d 109, 111 (Ind. Tax Ct. 2003).

## LAW

In 2003, a taxpayer could challenge a property tax assessment by filing a Form 133. See IND. CODE § 6-1.1-15-12 (2003) (amended 2007). (See also, e.g., Cert. Admin. R. at 2-3, 5-7.) The Form 133 appeal procedure could be used at anytime within three years from the date the taxes were first due. See Will's Far-Go Coach Sales v. Nusbaum, 847 N.E.2d 1074, 1077 (Ind. Tax Ct. 2006). But see Hutcherson v. Ward, 2 N.E.3d 138, 142 (Ind. Tax Ct. 2013) (explaining that in 2013, the Form 133 appeal procedure was not restricted by a three year time limitation).

The types of errors that are correctable using a Form 133 appeal procedure are expressly limited. See Muir Woods, Inc. v. O'Connor, No. 49T10-1302-TA-00038, 2015 WL 3814552, at *2 (Ind. Tax Ct. June 18, 2015), notice of intent to petition for review filed. Specifically, the use of a Form 133 is limited to challenging three types of errors: (1) the taxes were illegal as a matter of law, (2) there was a mathematical error in computing an assessment, or (3) through an error or omission by the county official, the taxpayer was not given credit for an exemption or deduction permitted by law. See Form 133, available at http://www.in.gov/dlgf/8516.htm. In addition, errors susceptible to correction by using a Form 133 appeal procedure are objective errors, not errors that require subjective judgments. See Hatcher v. State Bd. of Tax Comm'rs, 561 N.E.2d 852, 857 (Ind. Tax Ct. 1990).

## ANALYSIS

Pulte asks this Court to reverse the Indiana Board's final determination for four reasons. First, Pulte claims that the Indiana Board lacked the authority to dismiss its case sua sponte. Second, Pulte claims that the Indiana Board abused its discretion by

dismissing its claims without first conducting an evidentiary hearing. Third, Pulte claims that the Indiana Board erred in dismissing its case because it can be objectively shown that the taxes on its common area parcels were illegal as a matter of law. Fourth, Pulte claims that the Indiana Board erred in dismissing its case because the Assessor, not Pulte, bore the burden of proving the validity of the assessments under Indiana Code § 6-1.1-15-17.2.[3] Pulte's first three claims are similar to the claims raised in this Court's recent decision in Muir Woods; however, its fourth claim is unique to this case.

**I.**

On appeal, Pulte claims, like the claim in Muir Woods before it, that the Indiana Board had no authority to dismiss its case sua sponte. (Compare Pet'r Br. at 4-5 with Muir Woods, 2015 WL 3814552, at *3.) In Muir Woods, however, this Court resolved that same claim finding that the Indiana Board has authority to issue an order of dismissal on its own motion. See Muir Woods, 2015 WL 3814552, at *3 (citing 52 IND. ADMIN. CODE 2-10-2(a)(1), (b) (2012) (see http://www.in.gov/legislative/iac/)).

**II.**

Pulte next claims, similar to the claim in Muir Woods, that Indiana Code § 6-1.1-15-4(a) and (d) require the Indiana Board to hold an evidentiary hearing before it can dismiss its case on procedural grounds. (Compare Pet'r Br. at 6-7 with Muir Woods, 2015 WL 3814552, at *3.) Muir Woods explains, however, that the language of Indiana Code § 6-1.1-15-4(a) requires the Indiana Board to hold a hearing only when the merits are

---

[3] On appeal, Pulte also claimed the Assessor made a mathematical error in computing its assessment. (See Oral Arg. Tr. at 82-95.) Pulte, however, provided no analysis for this claim; therefore, the claim is waived. (See generally Oral Arg. Tr.; Pet'r Br.; Pet'r Reply Br.) See also Scopelite v. Indiana Dep't of Local Gov't Fin., 939 N.E.2d 1138, 1144-45 (Ind. Tax Ct. 2010) (explaining that because the taxpayer must walk the Court through every element of the analysis, non-cogent and poorly developed arguments are subject to waiver).

considered for a correction of error, not when determining a preliminary procedural issue. See Muir Woods, 2015 WL 3814552, at *3.

Nonetheless, Pulte offers two other reasons that were not advanced in Muir Woods to support this position.[4] First, Pulte states that an evidentiary hearing is required on the merits of the appeal even when the Indiana Board is determining a preliminary procedural issue because the Indiana Board cannot limit the scope of an appeal without the parties' consent. (See Pet'r Reply Br. at 1-3 (citing IND. CODE § 6-1.1-15-4(k) (2012)).) Indiana Code § 6-1.1-15-4(k), however, applies only when the Indiana Board limits an appeal to the issues and evidence before the PTABOA, which is not the case here. See I.C. § 6-1.1-15-4(k). Second, Pulte reasons that the Indiana Board could not dismiss its case on procedural grounds before holding an evidentiary hearing because Pulte would be unable to present evidence of comparable property assessments as permitted by Indiana Code § 6-1.1-15-18. (See Pet'r Br. at 33-34.) The plain language of Indiana Code § 6-1.1-15-18, however, applies to any proceeding "to accurately determine [the] market value-in-use" of a property, not a proceeding on a procedural issue. IND. CODE § 6-1.1-15-18(c) (2012). Accordingly, these two additional reasons do not persuade the Court that the Indiana Board must hold an evidentiary hearing when resolving a preliminary procedural issue.

**III.**

Pulte next claims, like the claim in Muir Woods, that the Indiana Board erred by

---

[4] Pulte also argues that the Indiana Board's decision conflicts with Indiana Trial Rule 12(B)(6) standards. (Pet'r Br. at 27-28.) The Court does not address this argument because the authority for the Indiana Board's dismissal was in its own rules, not the Trial Rules. See Muir Woods, Inc. v. O'Connor, No. 49T10-1302-TA-00038, 2015 WL 3814552, at *3 (Ind. Tax Ct. June 18, 2015), notice of intent to petition for review filed.

determining the Form 133 appeal procedure was improper to claim that the assessments of its common area parcels were illegal as a matter of law for two reasons. First, Pulte argues that because the Tax Court and the Indiana Board previously issued decisions finding common area parcels have an assessed value of zero and several assessors chose to follow those decisions, Pulte's common area parcels should have an assessed value of zero. (Compare Pet'r Br. at 12-17, 25-26 (referring to Lakes of Four Seasons Prop. Owners' Ass'n v. Dep't of Local Gov't Fin., 875 N.E.2d 833, 836 (Ind. Tax Ct. 2007), review denied; Brenwick TND Cmtys., LLC v. Clay Twp. Assessor, Pet. No. 29-003-03-1-5-00060, (Ind. Bd. Tax Review May 15, 2006) with Muir Woods, 2015 WL 3814552, at *4).) Pulte's reasoning is faulty, however, because the Lake of Four Seasons decision was based on the unique facts of that case and has no universal application and the administrative decision in Brenwick has no precedential value. See Lakes of Four Seasons, 875 N.E.2d at 836 (holding that the taxpayer's specific evidence provided a sufficient factual basis to support its claim that its common areas lacked any value); see also Muir Woods, 2015 WL 3814552, at *4 (explaining that administrative decisions have no precedential value).

Second, Pulte argues its use of the Form 133 appeal procedure is proper because its claim can be objectively determined as a matter of law. (See Pet'r Br. at 17-23.) In support of this position, Pulte explains that its claim

> involves a simple, uncomplicated finding, which has already been made by many assessing officials, as to whether the subject property is a residential common area. If that true-or-false question is answered in the affirmative, the assessing officials themselves have established a predetermined, one-size-fits-all value for the property: zero. Based on the objective criteria which was actually used by assessing officials to identify common area, [Pulte] seek[s] to use these

8

same criteria to correct errors made in the assessment of the same common area parcels in other assessment years—those at issue here.

(Pet'r Br. at 19 (emphases omitted).) In other words, Pulte reasons that because common areas have an assessed value of zero per se, an objective determination of whether Pulte's parcels were common areas was the only inquiry needed. No per se rule exists that common areas have zero value, and therefore, any evidence presented would necessarily involve subjective judgment because the value cannot be determined from a simple rendition of objective facts. See Muir Woods, 2015 WL 3814552, at *5. See also, e.g., Wirth v. State Bd. of Tax Comm'rs, 613 N.E.2d 874, 878 (Ind. Tax Ct. 1993) (stating that "[v]aluation questions call for subjective judgment"). Thus, Pulte's appeal of the assessment of its common area parcels is not subject to correction using the Form 133 appeal procedure.

## IV.

Finally, Pulte makes a claim not made in Muir Woods, asserting that the Assessor, not Pulte, bore the burden of proving to the Indiana Board that the assessments of its common area parcels were correct. (Compare Pet'r Br. at 34-37 with Muir Woods, 2015 WL 3814552, at *1-*6.) Indiana Code § 6-1.1-15-17.2 states that

> (a) this section applies to any review or appeal of an assessment under this chapter if the assessment that is the subject of the review or appeal is an increase of more than five percent (5%) over the assessment for the same property for the prior tax year.
> . . . . .
>
> (b) [T]he county assessor or township assessor making the assessment has the burden of proving that the assessment is correct[.]

IND. CODE § 6-1.1-15-17.2(a), (b) (2012) (amended 2014) (emphasis added). Pulte

9

maintains that there is no dispute that the assessed value of its common area parcels increased more than five percent from one year to the next. (See Pet'r Br. at 34-37.) Nonetheless, the plain language of the statute states that the burden shifts when an appeal or review is of an assessment. See I.C. § 6-1.1-15-17.2(a), (b). See also Johnson Cnty. Farm Bureau Coop. Ass'n, v. Indiana Dep't of State Revenue, 568 N.E.2d 578, 581 (Ind. Tax Ct. 1991) aff'd, 585 N.E.2d 1336 (Ind. 1992) (indicating that the Court gives words their plain and ordinary meaning). Neither the Show Cause Order nor the Show Cause Hearing addressed the assessments. (See Cert. Admin. R. at 205-09, 385-477.) In fact, the Indiana Board indicated in its Show Cause Order that the burden to show that the Form 133 was the proper procedure lay with Pulte. (See Cert. Admin. R. at 205-09.) Accordingly, Indiana Code § 6-1.1-15-17.2 shifts the burden to the Assessor only when the validity of the assessment is at issue, not when, as here, there is a preliminary procedural issue being determined.

## CONCLUSION

Consequently, the Tax Court AFFIRMS the Indiana Board's final determination dismissing Pulte's case and the final determinations dismissing the twenty-six consolidated cases.

10