ATTORNEY FOR PETITIONER:
**JAMES K. GILDAY**
GILDAY & ASSOCIATES, P.C.
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**JESSICA R. GASTINEAU**
SPECIAL COUNSEL – TAX LITIGATION
**ANNE C. HARRIGAN**
CHIEF LITIGATION COUNSEL
OFFICE OF CORPORATION COUNSEL
Indianapolis, IN

─────────────────────────────────────────────

# IN THE
# INDIANA TAX COURT

─────────────────────────────────────────────

| | |
|---|---|
| MUIR WOODS SECTION ONE ASSN., INC., ) <br> MUIR WOODS, INC.; SPRUCE KNOLL ) <br> HOMEOWNERS ASSOC., INC.; and ) <br> OAKMONT HOMEOWNERS ASSOC., INC., ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> MARION COUNTY ASSESSOR, ) <br> JOSEPH P. O'CONNOR, ) <br> ) <br> Respondent. ) | FILED <br> Aug 31 2020, 4:36 pm <br> CLERK <br> Indiana Supreme Court <br> Court of Appeals <br> and Tax Court <br><br> Cause No. 19T-TA-00025 |

─────────────────────────────────────────────

ON APPEAL FROM A FINAL DETERMINATION
OF THE INDIANA BOARD OF TAX REVIEW

─────────────────────────────────────────────

**FOR PUBLICATION**
**August 31, 2020**

WENTWORTH, J.

Muir Woods Section One Assn., Inc., Muir Woods, Inc., Spruce Knoll Homeowners

Assoc., Inc., and Oakmont Homeowners Assoc., Inc. (the HOAs) have challenged the

Indiana Board of Tax Review's final determination dismissing their appeal that challenged

the assessments of their common area land for the 2001 through 2003 tax years.  Upon

review, the Court affirms in part and reverses in part.

**FACTS AND PROCEDURAL HISTORY**

The HOAs are planned unit development homeowners' associations that own residential property in Marion County, Indiana. (See Pet. Judicial Review Final Determination Dismissing Pet'rs' Form 133 Pet. ("Pet'rs' Pet.") at 4 ¶ 8.) On March 7, 2014, the HOAs filed 141 "Petitions for Correction of An Error" ("Forms 133") with the Marion County Auditor. (See, e.g., Cert. Admin. R. at 2-3 ¶¶ 2-3.) All of the Forms 133 asserted that the 2001, 2002, and 2003 property tax assessments of and resulting liabilities on the HOAs' common area land were illegal as a matter of law because that land was so encumbered by restrictions that it had zero value. (See, e.g., Cert. Admin. R. at 12-19.) On June 26, 2015, the Marion County Property Tax Assessment Board of Appeals (PTABOA) issued a single notice denying all of the Forms 133. (See Cert. Admin. R. at 4 ¶ 7, 7-8.)

The HOAs subsequently sought and received leave from the Indiana Board to file one Form 133 consolidating all of their Forms 133 that were denied by the PTABOA. (See Cert. Admin. R. at 1, 4-5 ¶¶ 10-14, 9-10, 12.) In the consolidated Form 133, the HOAs reiterated their claim that the assessments were illegal as a matter of law and raised two additional claims – first, that the common area land assessments had been levied against the wrong persons and second, that the resulting property tax liabilities had been charged more than once in the same year. (See, e.g., Cert. Admin. R. at 13, 18, 40-41.) The HOAs' consolidated Form 133 also raised an alternative argument: that the Marion County Assessor failed to apply a base rate discount that was mandated by both the 1995 Marion County Land Valuation Order and the 2002 Indiana Assessment Guidelines in calculating their assessed values. (Cert. Admin. R. at 18-19, 41-42.)

Three years later, while the case was still pending before the Indiana Board, the HOAs amended their consolidated Form 133 (the Amended Form 133) to include an additional claim. (See Cert. Admin. R. at 32-34.) Specifically, the Amended Form 133 indicated that the HOAs now also relied upon the property tax exemption for residential "common areas" in Indiana Code § 6-1.1-10-37.5 for their appeal. (Cert. Admin. R. at 33.) See also IND. CODE § 6-1.1-10-37.5 (2018) ("the Exemption Statute").

On August 14, 2018, the Assessor filed a motion to dismiss the HOAs' Amended Form 133 appeal for failure to state a claim upon which relief could be granted, arguing that none of the HOAs' claims entitled them to relief because the alleged assessment errors could not be corrected using the Form 133 procedure. (See Cert. Admin. R. at 55-62.) The Indiana Board did not conduct a hearing on the Assessor's motion to dismiss, but rather, on June 13, 2019, issued a final determination granting it. (See Cert. Admin. R. at 521-33.)

In its final determination, the Indiana Board explained that pursuant to long-standing Tax Court jurisprudence, a Form 133 is proper to challenge only assessment errors that can be corrected using objective criteria, not those that would require subjective judgment to resolve. (Cert. Admin. R. at 528 ¶ 17 (citing Muir Woods, Inc. v. O'Connor, 36 N.E.3d 1208, 1213 (Ind. Tax Ct. 2015), review denied).) Moreover, the Indiana Board explained, the Tax Court had previously held that a Form 133 appeal was not the correct procedure to claim that encumbered common area land had no value because the question could not be resolved "'from a simple rendition of objective facts, but require[d instead] subjective judgment to analyze the impact of those facts upon value.'" (Cert. Admin. R. at 529 ¶¶ 19-20 (quoting Muir Woods, 36 N.E.3d at 1213).)

3

Accordingly, the Indiana Board dismissed the HOAs' original claims that 1) the value of the common areas was included in the homeowners' land assessments;[1] 2) the assessment of common areas was illegal as a matter of law; and 3) a base rate discount should have been applied because each of them involved the "inherently subjective question of how their properties should have been valued[.]" (See Cert. Admin. R. at 522-23 ¶ 1 (emphases added), 526 ¶ 13 (stating that "despite how the HOAs label their claims . . . they do not fit within the narrow category of errors that could be raised [on the Form 133]"), 529 at n.5 (stating that "the HOAs' claim still boils down to how the encumbrances affected value, which is a subjective question"), 530-32 ¶¶ 22-27.) In addition, the Indiana Board dismissed the HOAs' claim that its common areas were not subject to tax under the Exemption Statute, stating that like the others, this claim failed to present an error capable of correction via a Form 133. (Cert. Admin. R. at 532-33 ¶ 28.)

On July 29, 2019, the HOAs initiated this original tax appeal. The Court conducted oral argument on January 9, 2020. Additional facts will be supplied when necessary.

## STANDARD OF REVIEW

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. Osolo Twp. Assessor v. Elkhart Maple Lane Assocs., 789 N.E.2d 109, 111 (Ind. Tax Ct. 2003). Thus, to prevail in their appeal, the HOAs must demonstrate to the Court that the Indiana Board's final determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

---

[1] The Indiana Board combined the HOAs' claims that the Assessor had made an objective error by assessing the common areas against the wrong person and by taxing the property more than once in the same year into a single claim that some or all of the value from the common areas was reflected in the assessments of the lots in whose favor the covenants and restrictions ran. (See Cert. Admin. R. at 528 ¶ 16.)

4

contrary to constitutional right, power, privilege or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence. See IND. CODE § 33-26-6-6(e)(1)-(5) (2020).

**LAW**

A motion to dismiss for failure to state a claim upon which relief can be granted is governed by Indiana Trial Rule 12(B)(6). See generally Ind. Trial Rule 12. Trial Rule 12(B)(6) also applies to Indiana Board proceedings. See 52 IND. ADMIN. CODE 2-1-2.1 (2019) (stating that "[t]he Indiana Rules of Trial Procedure may be applied [to Indiana Board proceedings] to the extent that [they] do not conflict with the statutes governing property tax appeals or this title") (repealed 2020); 52 IND. ADMIN. CODE 2-10-2(a)(1) (2019) (explaining that the Indiana Board may issue an order of default or dismissal if the petitioner fails to state a claim on which relief can be granted) (repealed 2020).

A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. Wireless Advocates, LLC v. Indiana Dep't of State Revenue, 973 N.E.2d 111, 112 (Ind. Tax Ct. 2012). The Indiana Board was required to accept as true all the facts alleged in the HOAs' "complaint" (i.e., their Amended Form 133), viewing it in the light most favorable to the HOAs with every inference drawn in their favor. See also Minks v. Pina, 709 N.E.2d 379, 381 (Ind. Ct. App. 1999), trans. denied. Upon review, therefore, the Court will affirm the Indiana Board's Trial Rule 12(B)(6) dismissal only if the Amended Form 133 states a set of facts, which, if true, clearly demonstrate that the HOAs were not entitled to the relief requested under

5

any theory or basis found in the record/complaint. See id. See also Thornton v. State, 43 N.E.3d 585, 587 (Ind. 2015) (explaining that a Trial Rule 12(B)(6) dismissal cannot be affirmed "'unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances'" (citation omitted)).

## ANALYSIS

On appeal, the HOAs assert that the Indiana Board should have determined that their Amended Form 133 was "a facially sufficient pleading" because it "alleg[ed] that there [we]re objective [facts] that qualif[ied them] for relief under [the Form 133 procedure.]" (Pet'rs' Br. at 9.) The HOAs argue that instead of taking the alleged facts as true, the Indiana Board improperly engaged in a "greater analysis" to determine whether the facial allegations involved "objective errors" that could be corrected using the Form 133 procedure. (See Pet'rs' Br. at 9-10.) Accordingly, the HOAs claim the Indiana Board acted contrary to law and exceeded its authority in determining that none of their claims, i.e., that 1) the Exemption Statute did not apply to the years at issue; 2) the discount prescribed by the Land Order and Assessment Guidelines was not applied; and 3) the taxes at issue had already been charged, involved objective errors.[2] (See, e.g., Pet'rs' Br. at 13-28; Pet'rs' Reply Br. at 12, 15-22; Oral Arg. Tr. at 3-4, 8.)

### 1) Exemption

The Amended Form 133 indicates the HOAs' reliance upon the Exemption Statute for their appeal." (Cert. Admin. R. at 33). The HOAs argue that the Exemption Statute provides specific eligibility criteria that, if met, qualify common areas for exemption from

---

[2] On appeal, the HOAs no longer challenge their property tax liabilities on the basis that they were illegal as a matter of law or that the underlying assessments were made against the wrong persons. (See Oral Arg. Tr. at 7-8, 14, 28.) (See also, e.g., Pet'rs' Reply Br. at 3-4, 14.)

property tax. (Pet'rs' Br. at 14-15.) The HOAs also explain that the criteria are "clearly defined and reduced to objective determination, such as, but not limited to whether there are recorded declarations of covenants and restrictions respecting the use and conveyance of common area . . . within [the] homeowners association. These are yes/no binary choices[.]" (Pet'rs' Br. at 14.) Because the HOAs "not only alleged yes to satisfying the [criteria], but showed the [Indiana] Board that the [criteria] were in fact satisfied[,]" they contend that the Indiana Board erred by proceeding to consider whether the exemption applied retroactively rather than simply applying the exemption based on the objective, qualifying facts. (Pet'rs' Br. at 15, 17; Oral Arg. Tr. at 14-17.)

The HOAs' argument for the common area exemption satisfies only one of the requisites to withstand a motion to dismiss – alleging facts in the complaint that are to be taken as true. The second requirement for defeating a motion to dismiss hinges on whether relief is available under those facts. Therefore, the Indiana Board properly examined whether relief was available to the HOAs for years at issue here.

Statutes are given prospective effect, however, unless the Legislature unambiguously and unequivocally intended retroactive effect. Orange Cty. Assessor v. Stout, 996 N.E.2d 871, 874 (Ind. Tax Ct. 2013). The plain language of the Exemption Statute is silent regarding retroactivity. See I.C. § 6-1.1-10-37.5. The Indiana Board explained that the Exemption Statute

> was enacted in 2015, at least 12 years after all the assessment dates at issue in the [HOAs' Amended] Form 133 []. . . . There is nothing in [the Exemption Statute] to indicate that the legislature intended [it] to apply retroactively. And the HOAs ma[d]e no argument to support such an application.

(Cert. Admin. R. at 532-33 ¶ 28 (citations omitted).)

7

On appeal, the HOAs simply state that the phrase "[n]otwithstanding any other provision" contained in the Exemption Statute indicates that the Legislature did intend the Exemption Statute to apply retroactively to their 2001 through 2003 assessments. (Pet'rs' Br. at 18 (citing I.C. § 6-1.1-10-37.5(d)); Oral Arg. Tr. at 16-28.)  This statement, however, is unaccompanied by any analysis using either the rules of statutory construction or citations to legal authority.  Consequently, the Court is unpersuaded by their argument that the Exemption Statute applies retroactively.

In any event, the opposing interpretations regarding the temporal application of the Exemption Statute clearly indicate that the HOAs' claim was not proper for a Form 133. To reconcile whether the Exemption Statute applies retroactively or only prospectively necessarily requires subjective judgment.  See, e.g., City of Carmel v. Steele, 865 N.E.2d 612, 618 (Ind. 2007) (explaining that when the terms of a statute are susceptible to more than one interpretation, it is ambiguous and a court must resort to the rules of statutory construction to resolve the issue).  Consequently, the Court finds that the HOAs' claim that their common areas are exempt from property taxation under the Exemption Statute does not entitle them to relief, and it will not reverse the Indiana Board's dismissal on these grounds.

### 2)     Application of the Land Order and Assessment Guidelines

The HOAs also claim that the Assessor failed to apply the 80% discount factor prescribed in the Land Order and Assessment Guidelines when assessing their common area land.  (See, e.g., Pet'rs' Br. at 24-25; Oral Arg. Tr. at 8-9.)  They maintain that because the Assessor had no discretion, and was required to apply this discount factor, his failure to do so was an objective error capable of correction using the Form 133 procedure.  (See, e.g., Pet'rs' Br. at 25-27; Pet'rs' Reply Br. at 21; Oral Arg. Tr. at 8-14.)

In Indiana, the assessment and valuation of real property is – and has always been – inherently subjective. See, e.g., Clark Cty. Assessor v. Meijer Stores LP, 119 N.E.3d 634, 641 (Ind. Tax Ct. 2019) (explaining that a property appraisal is merely one person's opinion of value); Stinson v. Trimas Fasteners, Inc., 923 N.E.2d 496, 502 (Ind. Tax Ct. 2010) (explaining that the appraisal of property is not a science); Wirth v. State Bd. of Tax Comm'rs, 613 N.E.2d 874, 878 (Ind. Tax Ct. 1993) (stating that property "[v]aluation questions call for subjective judgment"). Consequently, the methodology the Assessor used to value the HOAs' common area land, including the decision not to apply a discount factor, indicated in the Land Order or the Assessment Guidelines, cannot be resolved by using objective criteria, but requires subjective judgment. Accordingly, the Court will not reverse the Indiana Board's dismissal for failure to state a claim for relief on this basis either.

### 3) Multiple Taxation

Finally, the HOAs contend that the Indiana Board erred when it determined that it could not, without resorting to subjective judgment, resolve their claim that the taxes on their common area land had been imposed more than once for the same year. (See, e.g., Pet'rs' Br. at 22-23; Oral Arg. Tr. at 28-31.) The HOAs explain that the Indiana Board was required to take as true the allegation in their Amended Form 133 that the individual homeowners within each community both use and benefit from the common area land and as a result, their assessments and property tax liabilities necessarily included the value of the common area land. (See, e.g., Pet'rs' Br. at 21 (citing Cert. Admin. R. at 41); Oral Arg. Tr. at 28-31.)

As earlier indicated, the Indiana Board dismissed this claim stating that it was

9

premised on the "inherently subjective question of <u>how</u> [the HOAs'] properties should have been valued[.]" (<u>See, e.g.</u>, Cert. Admin. R. at 522-23 ¶ 1 (emphasis added), 526 ¶ 13, 529-31 ¶¶ 18-23.) Nonetheless, the HOAs are <u>not</u> challenging <u>how</u> the Assessor calculated the valuation of the common area land through this issue, but rather how many times tax was paid on that land.

The resolution of this claim may involve an error that could be corrected by observing an objective fact. For example, a review of the property record cards and tax bills of the individual homeowners within each HOA community may reveal that an objective error was made. Accordingly, the HOAs' claim that the tax was paid more than once, accepted as true, is <u>capable</u> of correction using a Form 133. The Indiana Board's dismissal of this claim must therefore be reversed.

**CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the Indiana Board's final determination dismissing the HOAs' claims that 1) their common area property was exempt from property tax under the Exemption Statute and 2) the assessed values of their common areas did not include the proper discount prescribed in the Land Order and the Assessment Guidelines. The Court, however, REVERSES the Indiana Board's final determination dismissing the HOAs' claim that their common area land had been taxed more than once in each of the years at issue.

Because an administrative hearing was never conducted on the HOAs' Amended Form 133, they were not able to present evidence to demonstrate that their common areas were taxed more than once. As a result, the Court REMANDS that issue instructing the Indiana Board to allow the parties the opportunity to present evidence.