## BP AMOCO CORPORATION n/k/a BP Products North America Inc., Petitioner,

v.

## The LAKE COUNTY PROPERTY TAX ASSESSMENT BOARD OF APPEALS, John Matonovich, in his official capacity as North Township Assessor, Peter Benjamin, in his official capacity as Lake County Auditor, Paul G. Karras, in his official capacity as Lake County Assessor, and Peggy Holinga Katona, in her official capacity as Lake County Treasurer,[1] Respondents.

No. 49T10–0209–TA–114.

Tax Court of Indiana.

April 1, 2003.

---

1. Hereinafter referred to collectively as "the Respondents."

Jeffrey T. Bennett, Steven G. Cracraft, Michael S. Prakel, Bingham McHale LLP, Indianapolis, IN, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, IN, Charles Meeker Parker, Poe, Adams & Bernstein LLP, Raleigh, NC, John Dull, Dull & Duggan Brian P. Popp, Laszlo & Popp, PC, Merrillville, IN, Attorneys for Respondents.

## ORDER ON RESPONDENTS' MOTIONS TO DISMISS

FISHER, J.

BP Amoco Corporation, n/k/a BP Products North America, Inc. (BP), appeals the

final determination of the Indiana Board of Tax Review (Indiana Board) dismissing its property tax assessment appeal for the 1995–1998 tax years (the years at issue). The case is currently before the Court on the Respondents' motions to dismiss BP's appeal under Indiana Trial Rule 12(B)(6). Consequently, this Court must determine whether BP's complaint fails to state a claim upon which relief can be granted. *See* Ind. Trial R. 12(B)(6).

## FACTS AND PROCEDURAL HISTORY

BP is one of the largest oil and gasoline producers/retailers in the United States. It owns both real and personal property in Lake County, Indiana.

In the spring of 1999, BP filed approximately 325 Petitions for Correction of Error (Forms 133), claiming that the property tax it paid on its Lake County property for the years at issue was "illegal as a matter of law." More specifically, BP alleged that its statutory and constitutional rights were violated because its tax liability was inequitable when compared to the tax liabilities of other taxpayers in Lake County. As a result, BP requested an equalization adjustment and a refund of the approximately $20 million in allegedly excessive taxes it paid.[2] (Mot. to Dismiss Tr. at 9.)

The Respondents reviewed BP's Forms 133 and denied relief. BP subsequently appealed to the State Board of Tax Commissioners (State Board). In May of 2002, the Respondents filed a motion to dismiss under Indiana Trial Rule 12(B)(6), contending that BP's use of the Forms 133 was an improper method by which to challenge assessment matters that implicated an assessor's subjective judgment.[3] In August 2002, the Indiana Board[4] issued a final determination granting the Respondents' motion to dismiss.

On September 24, 2002, BP filed this original tax appeal. The Respondents subsequently filed several motions to dismiss pursuant to Indiana Trial Rule 12(B)(6). The Court conducted a hearing on the Respondents' motions on January 29, 2003. Additional facts will be supplied as necessary.

## ANALYSIS, OPINION & ORDER

### Standard of Review

■ This Court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority. *Wittenberg Lutheran Vill. Endowment Corp. v. Lake County Prop. Tax Assessment Bd. of Appeals*, 782 N.E.2d 483, 486 (Ind. Tax Ct.2003). Consequent-

---

2. In conjunction with its Forms 133, BP also filed claims for refund (Forms 17–T) under Indiana Code § 6–1.1–26–1.

3. Instead, the Respondents argued that BP should have used the Petition for Review of Assessment procedure (Forms 130/131) set forth in Indiana Code § 6–1.1–15–1 through 4. The Form 130/131 procedure allows a taxpayer to "mount a comprehensive challenge to both objective and subjective errors in the [an] assessment" by filing a Form 130 with the county assessor. *Reams v. State Bd. of Tax Comm'rs*, 620 N.E.2d 758, 759 (Ind. Tax Ct.1993).

4. On December 31, 2001, the legislature abolished the State Board. 2001 Ind. Acts 198 § 119(b)(2). Effective January 1, 2002, the legislature created the Indiana Board of Tax Review (Indiana Board) as "successor" to the State Board. IND.CODE §§ 6–1.5–1–3; 6–1.5–4–1 (Supp.2001); 2001 Ind. Acts 198 § 95. Consequently, when a final determination was issued on BP's appeal, it was issued by the Indiana Board.

ly, the Court will reverse a final determination of the Indiana Board only if it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

IND.CODE § 33-3-5-14.8(e)(1)-(5) (Supp. 2001).

■■■ A Trial Rule 12(B)(6) motion is used "to test the legal sufficiency of a complaint; or, stated differently, to test the law of the claim, not the facts that support it." *Bielski v. Zorn*, 627 N.E.2d 880, 883 n. 3 (Ind. Tax Ct.1994) (internal quotation and citation omitted). When reviewing such a motion, it must be determined whether the complaint states any allegation upon which relief can be granted. *Absher v. Clark County Rural Elec. Membership Corp.*, 629 N.E.2d 870, 871 (Ind.Ct.App.1994), *trans. denied*. The complaint must be evaluated in a light most favorable to the non-moving party, with every reasonable inference drawn in favor of that party. *Runde v. Vigus Realty, Inc.*, 617 N.E.2d 572, 575 (Ind.Ct.App. 1993). A complaint will not be dismissed under Trial Rule 12(B)(6) unless it appears that the non-moving party would not be entitled to relief under any circumstances whatsoever. *Bielski*, 627 N.E.2d at 883 n. 3.

## DISCUSSION

The Respondents claim that BP's complaint fails to state a claim upon which relief can be granted. More specifically, they assert that because BP used the wrong form to challenge matters that implicate an assessor's subjection discretion, its attempt to obtain review and equalization counts for naught. The Court disagrees.

■■■ In its complaint filed with this Court, BP asserts that its property is assessed at a much higher percentage of value than other comparable property in Lake County. (*See* Pet'r V. Pet. for Judicial Review at 6.) This unequal assessment, BP maintains, violates Indiana's constitutional and statutory guarantees that its assessment will be uniform with others in the state. It contends that because it "was subjected to unequal treatment in the assessment years 1995–1998 . . . it was subjected to illegal taxation as a matter of law[.]" (Pet'r V. Pet. for Judicial Review at 6.)

This Court has repeatedly awarded relief to taxpayers who have shown by probative evidence that their property is assessed and taxed differently than comparable properties. *See, e.g., Zakutansky v. State Bd. of Tax Comm'rs*, 691 N.E.2d 1365, 1369–70 (Ind. Tax Ct.1998); *Vonnegut v. State Bd. of Tax Comm'rs*, 672 N.E.2d 87, 89–90 (Ind. Tax Ct.1996). Because BP's complaint alleges that its property assessment and resulting tax liability is not uniform with other comparable properties, it sufficiently states an allegation upon which relief *could* be granted. *See Absher*, 629 N.E.2d at 871.

■■■ At this point, however, BP has not had the opportunity to present facts on the record to support its claim. Indeed, the Indiana Board dismissed BP's Forms 133 prior to ever conducting a hearing. This was in error, as the provisions of Indiana

Code § 6–1.1–15–12(e) required the Indiana Board to hold a hearing on BP's Forms 133. *See* IND.CODE § 6–1.1–15–12(e) (providing that a Form 133 is subject to the appeals procedure under sections 4 through 8 of Indiana Code § 6–1.1–15). Thus, the Indiana Board acted "without observance of procedure required by law" when it declined to hold a hearing on BP's claim.[5] *See* IND.CODE § 33–3–5–14.8(e)(4).

## CONCLUSION

For the reasons stated, the Court DENIES the Respondents' motions to dismiss, as BP has sufficiently stated an allegation upon which relief could be granted. Indiana Code § 6–1.1–15–12(e) provides

BP with the opportunity to establish an administrative record that would support the allegations contained within its complaint. The Court therefore REMANDS the matter to the Indiana Board for a hearing consistent with this order.

---

**5.** The claims raised in BP's Forms 133 may well be inappropriate for a Form 133 if they require the subjective judgment of an assessing official. However, until BP is afforded a hearing on the matter, this cannot be determined.