ATTORNEY FOR PETITIONER:
**SHAWN F. SULLIVAN**
ATTORNEY AT LAW
South Bend, IN

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**WINSTON LIN**
**PARVINDER K. NIJJAR**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

**FILED**
Oct 17 2017, 2:10 pm
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| LAKE COUNTY TRUST CO., TRUST NO. 6, (FLOWERS FROM HEAVEN, INC.)[1] ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cause No. 02T10-1604-TA-00010 |
| ) | |
| ST. JOSEPH COUNTY ASSESSOR, ) | |
| ) | |
| Respondent. ) | |

ON APPEAL FROM A FINAL DETERMINATION OF
THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**October 17, 2017**

WENTWORTH, J.

This case concerns whether the Indiana Board of Tax Review erred when it dismissed Lake County Trust Co., Trust No. 6's appeal <u>sua</u> <u>sponte</u> without a motion. The Court reverses and remands the Indiana Board's dismissal.

---

[1] The caption to the case reads "Flowers From Heaven, Inc.," but the taxpayer has identified that entity as "Flowers <u>for</u> Heaven, Inc." in its various filings. (<u>See</u> generally Cert. Admin. R. (emphasis added).) Therefore, the Court will use "Flowers for Heaven, Inc." in its discussion.

**FACTS AND PROCEDURAL HISTORY**

Flowers for Heaven, Inc. is a 501(c)(3) organization based in St. Joseph County. (See Cert. Admin. R. at 29, 31.) It operates a pro-life ministry from property located in South Bend, Indiana. (Cert. Admin. R. at 2-3, 26 n.1.)

On May 13, 2013, Flowers filed an Application for Property Tax Exemption (Form 136) for the 2013 tax year with the St. Joseph County Property Tax Assessment Board of Appeals (PTABOA) seeking a charitable purposes exemption for its personal property and the land and improvements from which it operated. (Cert. Admin. R. at 29.) On August 8, 2013, the PTABOA issued two Notices of Action on Property Tax Exemption (Forms 120): one granting a 100% exemption for Flowers' personal property and the other denying an exemption for the real property. (See Cert. Admin. R. at 7-10.) On the Form 120 denying the real property exemption, the PTABOA listed "Lake County Trust Company[,] Trust No. 6 (Flowers for Heaven)" as the property owner instead of Flowers, which was the owner listed on the Form 136. (Compare Cert. Admin. R. at 7-8 with 29.) The PTABOA stated the reason for its denial as follows:

> The property tax assessment board of appeals has denied this application for 100% tax exemption due to the fact that this property is not in the charitable entit[y']s name 'Flower[s] for Heaven Inc[.]' [T]his is according to I.C. [§] 6-1.1-10-16.

(Cert. Admin. R. at 8.)

Thereafter, the Trust, as the entity that received the PTABOA's Form 120 denial, filed the Petition for Correction of an Error (Form 133) with the PTABOA on May 15, 2014. (See Cert. Admin. R. at 2.) On its Form 133, the Trust specifically contended the error was made by the PTABOA when it named Lake County Trust Co., Trust No. 6 on the Form 120 denial, which

2

is just a holding conduit for the taxpayer [Flowers] who is a tax exempt entity performing tax exempt functions. The taxpayer has exclusive use of the property for their exempt activity and can revoke the trust at anytime, i.e., a revocable trust. Property held in a revocable trust is considered property of the owners. In this case Flowers for Heaven, Inc.

(Cert. Admin. R. at 3.) The PTABOA denied the Form 133 appeal stating:

On August 8, 2013, the petitioner[, the Trust,] received a Notice of Action on Exemption Application. On that notice it stated that the application was DENIED. At that time a Form 132[2] to the State should have been filed, the petitioner failed to follow through on that action.

(Cert. Admin. R. at 6 (footnote added).)

On December 18, 2015, the Trust filed its Form 133 appeal with the Indiana Board. (Cert. Admin. R. at 2, 5 (indicating the "property [was] assessed in the name of: Lake County Trust Co. Trust No. 6 (Flowers for Heaven)," signed by Flowers' president).) The Indiana Board dismissed the Trust's appeal sua sponte on March 11, 2016, stating that the Form 133 appeal impermissibly challenged the PTABOA's rationale for denying the Form 136 exemption application and failed to assert correctable errors of omission. (Cert. Admin. R. at 13.)

Thereafter, the Trust sought a rehearing, explaining that the objective error for correction was that the PTABOA denied the exemption to the wrong entity, the Trust, on the Form 120, when actually Flowers was the property owner that applied for the exemption on the Form 136 exemption application. (See Cert. Admin. R. at 18, 23.) Moreover, the Trust attached two affidavits by Flowers' accountants to its rehearing request both stating that Lake County Trust Co., Trust No. 6, did not exist, and theorizing

---

[2] A Form 132 is titled "Petition for Review of Exemption Before the Indiana Board of Tax Review." Form 132, available at https://forms.in.gov/Download.aspx?id=4817.

3

that the PTABOA had actually meant to refer to Trust No. 6297. (See Cert. Admin. R. at 27 ¶ 6, 34 ¶ 6.) The affiants further testified that Flowers was the sole trustee and beneficiary of Trust No. 6297. (See Cert. Admin. R. at 27 ¶ 6, 34 ¶ 6.) The Indiana Board denied the rehearing request. (Cert. Admin. R. at 44-45.)

On April 25, 2016, the Trust initiated this original tax appeal. On September 7, 2016, the Assessor filed a motion to dismiss the appeal, and after holding a hearing, the Court denied the Assessor's motion on December 30, 2016. The Court conducted a hearing on the merits on April 12, 2017. Additional facts will be provided as necessary.

## STANDARD OF REVIEW

The party seeking to overturn a final determination of the Indiana Board bears the burden of demonstrating its invalidity. Osolo Twp. Assessor v. Elkhart Maple Lane Assocs., 789 N.E.2d 109, 111 (Ind. Tax Ct. 2003). The Trust must therefore demonstrate that the Indiana Board's final determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; or unsupported by substantial or reliable evidence. See IND. CODE § 33-26-6-6(e)(1)-(5) (2017).

## ANALYSIS

The first issue is whether the Indiana Board erred when it dismissed the appeal in the absence of a preceding motion for dismissal by either party or the Indiana Board as is required by 52 Indiana Administrative Code 2-10-2. (See Oral Arg. Tr. at 8-10, 49, 92-93.) (See also Pet'r Br. Supp. J. Pet. Validate Exemption Status ("Pet'r Br.") at 5 n.5.) In support, the Trust refers the Court to Pulte Homes of Indiana, LLC v. Hendricks County

4

<u>Assessor</u>, 42 N.E.3d 590, 592 (Ind. Tax Ct. 2015), <u>review denied</u>, and <u>Muir Woods, Inc.</u> <u>v. O'Connor</u>, 36 N.E.3d 1208, 1209 (Ind. Tax Ct. 2015), <u>review denied</u>, in which the Indiana Board both issued an order to show cause and held a hearing before dismissing each case. (<u>See</u> Oral Arg. Tr. at 8-9, 49, 92-93.)

When interpreting a regulation, the Court gives unambiguous language its plain and ordinary meaning. <u>See</u> <u>Natural Res. Def. Council v. Poet Biorefining-North</u> <u>Manchester, LLC</u>, 15 N.E.3d 555, 564 (Ind. 2014). The regulation states "[t]he [Indiana B]oard may issue an order of default or dismissal <u>on motion of a party or on its own</u> <u>motion</u>." 52 IND. ADMIN. CODE 2-10-2(b) (2016) (emphasis added). The plain meaning of this phrase gives the Indiana Board discretion to issue an order of default or dismissal, but expresses as an absolute that a motion must precede such an order.[3] Moreover, the plain meaning requiring a motion to precede an order of dismissal is consistent with the long-held preference for allowing the parties an opportunity to respond to the motion before the Indiana Board acts. <u>Cf.</u> 52 IND. ADMIN. CODE 2-1-2.1 (2016) (applying the Indiana Trial Rules to proceedings before the Indiana Board to the extent they do not conflict with property tax appeal statutes or the Indiana Board's regulations); Ind. Trial Rule 73 (generally requiring hearings on motions, but allowing a trial court the discretion to decide matters without a hearing upon written statements in support and opposition).

---

[3] Prior case law reflects this necessity. <u>See, e.g.</u>, <u>Pulte Homes of Indiana, LLC v. Hendricks Cnty.</u> <u>Assessor</u>, 42 N.E.3d 590, 596 (Ind. Tax Ct. 2015) (affirming dismissal following the Indiana Board's <u>sua</u> <u>sponte</u> motion to show cause); <u>Muir Woods, Inc. v. O'Connor</u>, 36 N.E.3d 1208, 1214 (Ind. Tax Ct. 2015) (affirming dismissal following the Indiana Board's <u>sua</u> <u>sponte</u> motion to show cause); <u>BP Amoco Corp. v. Lake Cnty. Prop. Tax Assessment Bd. of Appeals</u>, 785 N.E.2d 1216, 1218 (Ind. Tax Ct. 2003) (indicating that the PTABOA had filed a motion to dismiss the appeal), <u>rev'd on other grounds</u>, 820 N.E.2d 1231, 1237 (Ind. 2005).

The second issue in this matter is whether the Trust used the proper appeal procedure by filing a Form 133 rather than a Form 132. (See Cert. Admin. R. at 6, 13-14.) The Indiana Board dismissed the appeal stating that the Trust used the wrong appeal procedure because its complaint did not allege an objective error susceptible to remedy using a Form 133, but instead disputed the PTABOA's underlying rationale for its denial, an objection only appropriately appealed by using the Form 132 appeal process. (See Cert. Admin. R. at 13-14.) The Trust responds, however, that it did identify an objective error, explaining that the PTABOA changed the name of the property owner from Flowers, the property owner named on the Form 136 exemption application, to "Lake County Trust Co., Trust No. 6 (Flowers for Heaven)" on the Form 120 denial. (See Pet'r Br. at 7.) (See also Cert. Admin. R. at 3, 22-24.) Indeed, the record reveals that the PTABOA did not name Flowers, but instead substituted the Trust as the property owner. (Compare Cert. Admin. R. at 7-8 with 29.)

Listing the name of a different entity as the property owner on the Form 120 exemption denial rather than that listed on the Form 136 is an objective error susceptible to correction using a Form 133. See IND. CODE § 6-1.1-15-12(a) (2014) (listing the types of errors correctable using a Form 133). Nonetheless, the question remains whether correcting this objective error automatically qualifies the real property for exemption.

The Trust asserts that simply correcting the naming error, i.e., listing Flowers (the charitable entity) as the property owner, necessarily entitles the real property at issue to the exemption because the PTABOA had already determined that Flowers' related personal property was entitled to the charitable purposes exemption. (See Pet'r Br. at 5-7; Oral Arg. Tr. at 15-18.) Eligibility for a charitable purposes exemption is contingent on

the property being "owned, occupied, and used" for charitable purposes. See IND. CODE § 6-1.1-10-16(a) (2013) (emphasis added). The record contains conflicting evidence regarding which entity owns the real property for purposes of Indiana Code § 6-1.1-10-16. See, e.g., Word of His Grace Fellowship, Inc. v. State Bd. of Tax Comm'rs, 711 N.E.2d 875, 878 (Ind. Tax Ct. 1999) (explaining that the proper party to apply for a real property tax exemption is the title holder (i.e., the owner)). (Compare Cert. Admin. R. at 26 ¶ 3, 29 (stating that Flowers owns the property) with Cert. Admin. R. at 2-3, 27 ¶ 6, 34 ¶ 6 (stating that a land trust owns the property, not Lake County Trust Co., Trust No. 6).) Moreover, the record is bereft of any analysis by the Indiana Board regarding the property's ownership for the Court to review. (See Cert. Admin. R. at 12-14, 40-41.) See also Stinson v. Trimas Fasteners, Inc., 923 N.E.2d 496, 498-99 (Ind. Tax Ct. 2010) (explaining that the Indiana Board is the finder of fact and consequently responsible for weighing evidence and judging witness credibility).

## CONCLUSION

For the above stated reasons, the Indiana Board's dismissal of this matter is REVERSED. The Court REMANDS the matter to the Indiana Board to correct the objective error by identifying Flowers as the entity requesting exemption and to determine whether Flowers' ownership interest in the property entitles it to the exemption.